793 F.2d 590
 123 L.R.R.M. (BNA) 2212, 104 Lab.Cas. P 11,843,
7 Employee Benefits Ca 2134
 Stephen J. GRZYB, Appellee,
v.
The NEW RIVER COMPANY, Harrison Combs, and John J.
O'Connell, Defendants,
and
Joseph P. Connors, Sr., Donald Pierce, William Jordan,
William Miller, and Paul R. Dean, as Trustees of the United
Mine Workers of America Health and Retirement Funds, and
United Mine Workers of America Health and Retirement Funds,
Appellants.
 No. 85-1710.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 9, 1986.
Decided June 18, 1986.
 
 1
 Jeffrey B. Cohen (Seifman, Semo, Slevin & Marcus, P.C., Washington, D.C., Cynthia L. Turco, Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., William F. Hanrahan, General Counsel, UMWA Health and Retirement Funds, Washington, D.C., on brief), for appellants.
 
 
 2
 Marye L. Wright, Asst. U.S. Atty. (David A. Faber, U.S. Atty., Charleston, W.Va., on brief), for appellee.
 
 
 3
 Before WIDENER and ERVIN, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 
 MICHAEL, District Judge:
 
 4
 This case presents as its principal issue the question of the proper interpretation of 38 U.S.C.A. Sec. 2022, in an unusual, if not unique, fact pattern. A subsidiary issue in the case is whether the plaintiff appellee, (hereinafter Grzyb) waived his rights under the Veterans Act under the facts in this case.
 
 
 5
 The facts are essentially uncontradicted. Grzyb was employed in the New River Coal Company mines beginning in 1937. His employment was interrupted by military service for some five years. At the time of his discharge from the military, Grzyb had acquired a period of leave time which was, in accordance with military custom at the time, added to the date of his actual termination of services, to state a date of discharge on his discharge certificate which coincided with the end of the terminal leave which he had acquired. Under that arrangement, Grzyb's actual date of discharge as shown on his discharge certificate was 29 November 1945. However, Grzyb was admitted to an Army hospital on 5 November 1945, and remained under treatment there until 5 December 1945. He correctly assumed that his discharge date therefore had been advanced from 29 November 1945, to 29 December 1945. No change, however, was made in the termination date shown on his discharge certificate.
 
 
 6
 After Grzyb returned home, he went back to the New River Coal Company, to seek re-employment in accordance with the then applicable provisions of the Veterans Act. 38 U.S.C.A. Secs. 2021, et seq. These sections provide, in effect, that the returning veteran must make application for re-employment with his former employer within ninety days of his date of discharge from the military. In the event that the veteran does so, he or she is then entitled to be re-employed at the same position held prior to military service, subject to certain exceptions not material here. When Grzyb made application to New River Coal Company for re-employment, he took with him his discharge certificate, still showing the discharge date of 29 November 1945. The date on which Grzyb made application to his former employer was, in fact, more than ninety days from 29 November 1945, but less than ninety days from 29 December 1945. On reviewing the discharge certificate, Grzyb was advised that he was applying more than ninety days from the date of discharge and would therefore not be re-employed, even though he had explained to his union representative the facts which led him to believe that his proper discharge date was 29 December 1945.
 
 
 7
 Grzyb engaged in other employment until he was ultimately hired by New River Coal Company as a new hire. Thereafter, he worked in qualifying coal employment for a considerable period of time. In 1977, Grzyb applied to the UMWA 1950 Pension Plan (hereinafter "the Plan") for pension benefits.[1] Upon a review of his employment record, the Plan declined to award a pension to Grzyb. The Plan did not allow any credit for Grzyb's military service and found that he had only 15.5 years of qualifying service. However, if Grzyb's application was, in fact, made within ninety days of his date of discharge, then he would have been entitled to credit for the years of military service in computing the length of time required to qualify for pension.[2]
 
 
 8
 Briefly stated, if the military service is found to be qualifying, then Grzyb is entitled to a pension; if it is not, then Grzyb does not have the requisite time in covered employment to qualify for the pension.
 
 
 9
 It appears undisputed that at the time of the application for employment in 1946, the only way that a correction to a military record of this sort could be made was by way of a private bill for relief in Congress. At that time, the Army did not have a Board of Military Records Review, authorized to make such corrections, though such a Board was established in January, 1947. Grzyb made a phone call to an unnamed individual in the Department of the Army in Washington, D.C. and was advised, apparently very flatly, that the Army would issue only one certificate of discharge. Grzyb did not pursue the route of seeking out a private bill in Congress, the evidence disclosing that he did not know that this was a possible way of correcting the record until he was advised of this fact by his counsel in this litigation.
 
 
 10
 In the initial litigation, Grzyb sought back pay and seniority status for the period to which he should have been entitled by virtue of the military service. New River Coal Company had been joined as a defendant. The court below dismissed the claim as to New River Coal Company, on the ground that laches prevented Grzyb from going forward with that claim. However, the court below also held that the Plan was incorrect in denying Grzyb credit for the five years of military service, holding that in fact Grzyb did make application for employment within the appropriate ninety days, but that the error of the Army in not taking into account the thirty days spent in the hospital prevented his qualifying for that employment.
 
 
 11
 In considering the proper application of Sec. 2022, it is important to note, first, that there is substantial case law to the effect that the remedies provided in the Veterans Act are equitable in nature. See Troy v. City of Hampton, 756 F.2d 1000, 1001-02 (4th Cir.1985) (en banc). Second, there is a strong public policy against the forfeiture of pension benefits. See NLRB v. Amax Coal Co., 453 U.S. 322, 101 S.Ct. 2789, 69 L.Ed.2d 672 (1981), and turning specifically to the provisions of the Veterans Act, strong authority that the Act is to be treated liberally, so as to benefit those who have served in the armed forces. Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230 (1946).
 
 
 12
 It is conceded that the error of the Army is at the bottom of the problem. That error can be construed so as to inure to the benefit of the Plan, or it can be construed so as not to harm Grzyb. When considering the equitable nature of the remedies and the public policy against the forfeiture of pension rights, it appears clear that the error should not be permitted to penalize Grzyb, who was without fault in connection with the creation of the improper discharge date.
 
 
 13
 The appellants assert a waiver argument, stating that Grzyb waited from 1946 until 1977 to undertake to do anything about the erroneous discharge date on his discharge certificate. This misses the point, however, since the right which Grzyb is asserting is the right to a pension, which right could not arise until 1977. From the time the right arose, Grzyb has pursued aggressively his claim to a pension. Whether he sought a correction of the discharge certificate early or late, that correction, in itself, would not generate the right which Grzyb undertakes to assert here, namely, the right to a pension under the provisions of the Plan. That being the case, this court cannot conclude that there has been a waiver on the part of Grzyb.
 
 
 14
 Because the case turned here and below on the unusual fact pattern set out above, this Court cannot accept as credible the assertion of the appellants that affirming the court below would result in "opening the floodgates" to other claims by veterans, particularly in light of the relative ease with which corrections to military records can be made today, due to the establishment of the Board of Military Records Review.
 
 
 15
 For the reasons set out, the judgment of the court below is
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 New River Coal Company was a party to a multi-employer pension plan, administered by the United Mine Workers of America, which plan is denominated as the UMWA 1950 Pension Plan
 
 
 [2]
 This credit for military service is required under the Veterans Re-employment Rights Act, 38 U.S.C.A. Secs. 2021 et seq