POLEN, Judge.
This is the second appearance of this case before this court. See Glens Falls Insurance Co. v. Russell, 521 So.2d 228 (Fla. 4th DCA 1988), hereinafter Russell I.
In Russell I, this court reversed a determination by the trial court that appellee had continuous uninsured motorist coverage. In essence, this court found that ap-pellee was entitled to uninsured motorist benefits but not as contained in the amended final judgment. We ordered that the trial court’s original final judgment be reinstated and denied an award of appellate attorney’s fees to appellee.
*940 Prior to the Russell I appeal, the trial judge entered an award of attorney’s fees in the amount of $9,375.00 to appellee as the prevailing party under section 627.428, Florida Statutes (1987). Based upon this court’s action, the trial court vacated the original order awarding attorney’s fees since it was based upon the reversed amended judgment.
The trial court conducted an evidentiary hearing on December 23, 1988, for the purpose of awarding attorney’s fees under the original final judgment. As a result of that hearing, the trial court found $250.00 per hour to be a reasonable hourly fee and sixty hours to be a reasonable amount of time. The court then applied a contingency multiplier of 2.5 which resulted in an award of $37,500.00 to appellee. We affirm.
The record reflects that appellees’ first expert, an attorney with twenty years experience, testified that upon his review of the file that sixty hours was a reasonable amount of time spent on the case. This was an increase of approximately nine hours from the previous hearing on fees. The expert testified that due to the complexity of the case, the reasonable hourly fee was $250.00 with a multiplier of 2.5. Appellee’s second expert testified that upon his review of the case, it was unlikely that appellees would have been successful on their claim and that an appropriate multiplier would be between 2.0 and 2.5. Ap-pellees' trial counsel then testified that his agreement with appellees was a standard contingency fee contract and that he would have been entitled to no fee had they not recovered damages in the trial court. The evidence also indicated that the trial counsel’s affidavits were accurate.
In response, appellant’s trial counsel testified that in his opinion there was no showing of a contingent agreement. He testified further that he believed that $200.00 per hour for forty-nine hours was reasonable. This was the only evidence that appellant offered.
Appellant argues that as a matter of law, the trial judge was bound by the first award of attorney’s fees and at the very least, we must reinstate the original award of $9,375.00. Glens Falls then asserts that the new judgment is barred by application of the doctrine of res judicata or estoppel by judgment and claims that the new award of attorney’s fees is also governed by the doctrine of “law of the case.” St. Mary’s Hospital, Inc. v. Sanchioni, 511 So.2d 617 (Fla. 4th DCA 1987). We disagree and find St. Mary’s distinguishable on two grounds.
First, we reversed the award of fees in St. Mary's based upon a computational error by the trial court. In addition, this court could not determine from the record whether the trial court exceeded the 1.5 to 3.0 multiplier cap of Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), in its award as it was unclear whether the trial court used $350.00 per hour and a multiplier of 3.0 or $300.00 per hour with a multiplier of 3.5. Second, St. Mary’s involved a case where the final judgment was not reversed.
In addition, we reject appellant’s estoppel by judgment and res judicata argument since those doctrines apply to causes of actions in which a final judgment has been rendered and not an award of attorney's fees based upon a final judgment.
Appellee's reliance on Aristek Communities, Inc. v. Fuller, 453 So.2d 547 (Fla. 4th DCA 1984), and Cooper v. Aetna Casualty and Surety Co., 485 So.2d 1367 (Fla. 2d DCA 1986), is similarly misplaced since the award of attorney’s fees was vacated as a result of the appellate courts’ remand for a new trial.
We conclude that when the amended final judgment was reversed the award of $9,375.00 also fell since there was no prevailing party pursuant to section 627.428, Florida Statutes (1987). This entitled the trial court to entertain new evidence in making its determination. Moreover, at the time of the original fee award in February 1986, the parameters of Rowe had not been fully explored. This court rendered its decision in Russell I, in May, 1988 at a time when the law under Rowe had developed substantially from the time the supreme court originally rendered its decision. Thus, the trial court applied the cor *941 rect standard in its December 1988 award of fees.[1] See, e.g., City of Pompano Beach v. Haggerty, 530 So.2d 1023 (Fla. 4th DCA 1988), cert. denied, 489 U.S. 1054, 109 S.Ct. 1317, 103 L.Ed.2d 586 (1989) (courts are required to apply the law at the time of the appellate decision rather than the prevailing law at the time of the trial court’s decision where there is a change in the state of the law that occurs as a case is proceeding).
Accordingly, we find that the trial court did not abuse its discretion in its award and affirm both points raised on appeal.
STONE, J., concurs specially with opinion.
ANSTEAD, J., dissents with opinion.

. This court recognizes the supreme court’s recent decision in Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990); however, that case has only prospective application.