629 So.2d 297 (1993)
Millicent RUSSELL, Individually, and the Estate of Richard Russell, Deceased, Appellants,
v.
FRANK H. FURMAN, INC., Appellee.
No. 92-2061.
District Court of Appeal of Florida, Fourth District.
December 22, 1993.
Rehearing and Rehearing Denied January 25, 1994.
*298 R. Fred Lewis of Magill & Lewis, P.A., Miami, for appellants.
Steven J. Chackman of Bernstein & Chackman, P.A., Hollywood, for appellee.
Rehearing and Rehearing En Banc Denied January 25, 1994.
PER CURIAM.
This is the third appeal arising out of an automobile accident, the insurance coverage relevant thereto and attorney fees arising therefrom. See Glens Falls Ins. Co. v. Russell, 527 So.2d 228 (Fla. 4th DCA 1988) (Russell I,) and Glens Falls Ins. Co v. Russell, 567 So.2d 939 (Fla. 4th DCA 1990), rev. denied, 581 So.2d 164 (Fla. 1991) (Russell II).
Appellants raise two issues. While we find neither to have merit, and thus affirm, we wish to discuss our rejection of appellants' position on the first issue that Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990), compels reversal.
Glens Falls issued two insurance policies covering the automobile in which appellant's husband was killed and she was injured in a 1983 accident. The primary policy provided for UM coverage of $100,000. An umbrella policy provided for an additional $1,000,000 of UM coverage but it commenced at $500,000, leaving a gap which resulted in litigation between the insureds and Glens Falls. The trial court held that there was no gap; thus the umbrella policy provided UM starting at the $100,000 limits of the underlying coverage.
Glens Falls appealed, and this court reversed, leaving the insureds without coverage from $100,000 to $500,000 (Russell I). When that decision became final, appellants then filed this lawsuit on August 23, 1988, against the insurance agent for negligently creating a gap in the insurance coverage. Unfortunately at that point in time the statute of limitations barred the claim against the agent unless, as appellants argue, their cause of action against the agent did not accrue until this court held that there was a gap in 1988. The trial court granted the agent's motion for summary judgment on the basis of the four year limitation period applicable to negligence suits.
Appellants would have us conclude that we created a gap of insurance with our decision in Russell I, thus their cause of action did not accrue until 1988 when this court created it. Appellants mistake confirmation for creation.
Durbin Paper Stock Co. v. Watson-David Insurance Co., 167 So.2d 34 (Fla. 3d DCA 1964), cert. denied, 172 So.2d 596 (Fla. 1965), is instructive in our disagreement with appellants' contention. In Durbin, the court noted the following: "The agent was sued in tort for failing to obtain insurance. The companies were sued in contract on the basis of the existing contracts." Id. at 36. The court stated that plaintiff could not recover simultaneously on both theories. So, when the trial court directed a verdict saying that the agent's actions bound the insurance company, it properly directed a verdict on the agent's behalf and held an election of remedies could not have been determined prior to the verdict. Id. at 36-37. In the present case, appellants could have alternatively pled the existence of a gap when they became aware through notice by the insurer in April, 1984, or by deposition of the insured in July, 1984, that the coverage may have a gap in it. If they chose not to do so, although at arm's length with the insurer and the agent  unlike the client in Peat, Marwick  it is too late at this point to proceed.
Appellants' contention that appellee/insurance agent should not be treated any differently than the defendant/accounting firm in Peat, Marwick does not stand up for two reasons. First, appellants in this case had reason to know that the agent had acted negligently long before the final disposition of the case by this court in 1988. Unlike in Peat, Marwick, the court's ruling here did not make the injury apparent to appellants for the first time, but rather confirmed what the appellants had reason to know previously  that there was a gap in the coverage.
Second, in Peat, Marwick the plaintiffs were the defendant's clients, and were being advised by defendant on how to challenge an IRS determination. The clients took the defendant's advice and challenged the IRS determination in the tax court, unsuccessfully. It was not until that determination by the tax court that it became apparent that the accountants *299 were negligent. Here, the appellee insurance agent was not representing the insureds and advising them regarding this very dispute. To us, this is a distinction with a substantial difference.
GLICKSTEIN and KLEIN, JJ., and GROSS, ROBERT M., Associate Judge, concur.