650 So.2d 650 (1995)
COUNTY COLLECTION SERVICES, INC., a Florida corporation, Appellant,
v.
Leonard ALLEN, Appellee.
No. 94-0389.
District Court of Appeal of Florida, Fourth District.
February 3, 1995.
Colin M. Cameron and Richard T. Stierer of Law Offices of Richard T. Stierer, West Palm Beach, for appellant.
No brief filed on behalf of appellee.
PER CURIAM.
Appellant sued to foreclose on a lien on property owned by appellee. The trial court dismissed the case for lack of subject matter jurisdiction, finding an insufficient amount in controversy. We reverse.
The underlying facts are that appellee was determined in September 1989 to have violated certain provisions of the Palm Beach County Zoning Code. He was ordered to comply with the code within 30 days or be fined $75 per day. He failed to comply, and a claim of lien for $9,900 was recorded on March 12, 1990. Appellant filed suit to foreclose on it. A default was entered against appellee.
After initially granting appellant's amended motion for summary judgment, the trial court sua sponte vacated that order. It found that the amount in controversy was within the jurisdictional limit of the county court, not the circuit court, and dismissed the case for lack of subject matter jurisdiction without prejudice for it to be filed in county court.
Section 34.01(1)(c), Florida Statutes (1993), provides in pertinent part that county courts have jurisdiction over a cause of action accruing before July 1, 1990, if the amount in controversy does not exceed $5,000. A cause of action accrues when the last element necessary to constitute the cause of action occurs. Heckman v. City of Oakland Park, 644 So.2d 525 (Fla. 4th DCA 1994). The instant cause of action was to foreclose on a lien that was $9,900 as of March 12, 1990, which at that time was well above the jurisdictional limit of the county courts. Therefore it was error for the circuit court to dismiss the case for lack of jurisdiction.
We note further that because section 162.09(3), Florida Statutes (1993), provides for the continued accrual of the fine imposed on appellee until he comes into compliance or until a judgment is rendered, appellant should record a certified copy of an updated *651 order imposing the current amount of the fine. That order shall constitute a lien, and the trial court can then enter judgment to foreclose on it. Appellant, as the prevailing party, will be entitled to recover all costs, including a reasonable attorney's fee. § 162.10, Fla. Stat. (1993).
REVERSED AND REMANDED.
HERSEY, GUNTHER and STEVENSON, JJ., concur.