732 So.2d 507 (1999)
David MARGOLIS, Appellant,
v.
Charles ANDROMIDES, Appellee.
No. 98-1299.
District Court of Appeal of Florida, Fourth District.
June 2, 1999.
*508 Harry Winderman, Boca Raton, for appellant.
Lynn A. Shapiro and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, and David M. Garten of the Law Office of David M. Garten, Palm Beach Gardens, for appellee.
STEVENSON, J.
David Margolis, the plaintiff below, appeals a final summary judgment for the defendant premised upon the trial judge's finding that the statute of limitations had run on his cause of action for breach of implied warranty of authority. We affirm because we agree with the trial judge's conclusion that the cause of action accrued when appellant was first made aware that the principals had repudiated the agent's purported authority to act on their behalf.
At issue in this appeal is Margolis' second amended complaint, which stated a cause of action for breach of implied warranty of authority against Charles Andromides.[1] The salient facts, as recounted in the complaint, are as follows:
(1) on October 5, 1967, Margolis leased real property from Barbara and John Andromedas for a twenty-five year term with an option to extend the lease for an additional twenty-five years;
(2) on October 6, 1967, Margolis subleased the real property for a term that was in excess of the initial twenty-five year term;
(3) on July 15, 1980, and on January 15, 1981, Margolis sent the lessors notice that he was exercising the option to extend the term of the lease;
(4) on January 23, 1981, Margolis received a letter from Charles Andromides, the uncle and brother of Barbara and John Andromedas, respectively, purportedly authorizing the extension of the lease on the Andromedases' behalf;
(5) in early 1992, the Andromedases told Margolis that Charles Andromides was not authorized to extend the term of the lease and that the lease option had not been exercised; and
(6) following the lessors repudiation of the exercise of the option, arbitration proceedings were held which resulted in a determination, *509 in October of 1993, that the term of the lease had not been properly extended.
The parties agreed below that the statute of limitations for a cause of action for breach of implied warranty of authority was four years. Andromides sought summary judgment on the ground that the limitations period had run. Margolis' January 1997 complaint was filed more than four years after the Andromedases had repudiated the contract. The trial court granted the defendant's motion, finding that Margolis "was clearly made aware of the potential for a cause of action against the Defendant for breach of warranty of implied authority in 1992 and Plaintiff failed to timely file his complaint against Defendant." We agree with the trial judge and write to address the issue since we have found no Florida case law directly on point.
An action for breach of implied warranty of authority was first adopted by the Florida Supreme Court in Tedder v. Riggin, 65 Fla. 153, 157, 61 So. 244, 245 (1913), wherein the court described the cause of action in the following manner:
In an action on an implied warranty of authority to act as agent in making a contract, the action is not on the contract purported to have been authorized, but it is on the unauthorized conduct of the supposed agent, who acted under claim of authority. The object is to recover damages for the actual losses sustained by the plaintiff as the natural and proximate result of the breach by the defendant of his implied warranty that he was authorized to make the contract. Whether it be ex contractu or ex delicto, the gist of the action is the misrepresentation made by the defendant to the plaintiffs pecuniary injury; and the purpose of the action is compensation. In such cases the rule of compensation seeks to put the party misled back into the condition in which he was before he acted on the asserted authority of the defendant to make a contract for another.... See 2 Sedgwick on Damages, § 439.
The statute of limitations on a particular cause of action does not begin to run until the cause of action accrues. See, e.g., Hawkins v. Barnes, 661 So.2d 1271, 1272 (Fla. 5th DCA 1995). A cause of action "accrues" when the last element necessary to constitute the cause of action occurs. See, e.g., County Collection Servs., Inc. v. Allen, 650 So.2d 650, 650 (Fla. 4th DCA 1995); see also § 95.031(1), Fla. Stat. (1997). It is Margolis' position that, here, the final element of the cause of action, harm, did not occur until October of 1993, when the arbitration proceedings with the lessors concluded and it was found that the lease option had not been exercised. Thus, Margolis argues that the cause of action did not accrue and the statute of limitations did not begin to run until October of 1993. We cannot agree and, in fact, have recently rejected a similar argument in an action against an agent for the negligent procurement of insurance.
In Blumberg v. USAA Cas. Ins. Co., 729 So.2d 460 (Fla. 4th DCA, 1999), Blumberg, the plaintiff, closed a sports card store and moved his inventory of cards to a residence insured by St. Paul Insurance Company. When the cards were brought to the home, Blumberg contacted his insurance agent, Bruner, to verify that the cards would be covered under the policy. On November 9, 1991, Bruner contacted Blumberg and informed him that the policy provided the necessary coverage. On that same day, the cards were stolen. St. Paul denied coverage. At the end of 1992, Blumberg filed suit against St. Paul for breach of contract and promissory estoppel. The case went to trial in August of 1996. The trial court directed a verdict in favor of St. Paul on the breach of contract count, finding that the policy did not provide coverage for the loss of the cards. The promissory estoppel claim was sent to a jury, who found in favor of Blumberg, but awarded only $25,000. Before judgment was entered, however, Blumberg dismissed *510 his claim with prejudice. Thereafter, Blumberg filed suit against Bruner, the insurance agent, alleging that Bruner had negligently failed to procure insurance coverage. Bruner answered, raising the statute of limitations as a defense. Blumberg took the position that, since he believed that there was coverage until such time as the trial court directed a verdict in favor of St. Paul in August of 1996, he was not damaged until such time and the statute of limitations did not begin to run until then.
In Blumberg, this court, relying on Sawyer v. Earle, 541 So.2d 1232 (Fla. 2d DCA 1989), and Russell v. Frank H. Furman, Inc., 629 So.2d 297 (Fla. 4th DCA 1993), and distinguishing Peat, Marwick, Mitchell & Co. v. Lane, 565 So.2d 1323 (Fla. 1990), rejected the argument that a judicial determination in favor of the principal must be had prior to seeking relief against a wayward agent:
[T]he statute of limitations began to run when Blumberg filed its action against St. Paul. At that point, Blumberg knew that coverage had been denied, and there was significant reason to believe that the policy did not cover the cards....
729 So.2d at 462.
In Sawyer, the court held that the limitations period for the plaintiff's cause of action for malpractice against his attorney began to run when he discharged his lawyer, and not when the disciplinary proceedings in which the discharged lawyer had been representing him were concluded adversely to the plaintiff, since it was when the disgruntled plaintiff fired the lawyer that he had reason to believe the representation was improper. In Russell, the court found that the statute of limitations for an action against an insurance agent for negligence in creating a gap in insurance coverage began to run when the plaintiff first had reason to know that there was a gap in the coverage, even though the issue was not finally and judicially determined until a suit against the insurance carrier resulted in the ultimate ruling that there was no coverage. On the other hand, in Peat, Marwick, the court held that a professional malpractice suit against a group of accountants did not begin to run until the underlying issue of the propriety of the advice was determined by the tax court since the plaintiffs continued to rely on the expertise of the accounting firm through the duration of the tax court proceedings. In Blumberg, Sawyer and Russell, the wrongdoing of the defendants and the resulting harm were apparent prior to any judicial determination. On the contrary, in Peat, Marwick, the judicial ruling made the injury apparent for the first time.
Returning to the instant case, while Margolis may not have known the extent of his damages, he was harmed at the moment that the lessors repudiated, asserting that Charles Andromides, the agent, did not have the authority to extend the lease term. It was at that time that Margolis' leasehold rights in the real property were called into question. Therefore, it was at that moment that the last element of the cause of action occurred and the statute of limitations began to run. A judicial or quasi-judicial determination that the agent did not have the authority to represent the principal was not required to make Margolis aware of the agent's potential liability.
To reiterate, we hold that the statute of limitations on a cause of action for breach of implied warranty of authority begins to run when the third party learns, or has reason to know, of the principal's repudiation of the agent's authority. Our holding today is consistent with the position taken by the Restatement (Second) of Agency. Section 329 provides:
A person who purports to make a contract, conveyance or representation on behalf of another who has full capacity but whom he has no power to bind, thereby becomes subject to liability to the other party thereto upon an implied warranty of authority, unless he has *511 manifested that he does not make such warranty or the other party knows that the agent is not so authorized.
Comment k of section 329 specifically addresses the issue of the commencement of the statute of limitations, stating "The cause of action accrues when the third person learns that the agent does not have authority, or when he suffers damage or fails to gain the anticipated benefits, whichever occurs first."
Accordingly, the final summary judgment on review is AFFIRMED.
WARNER, J., and CONNER, BURTON C., Associate Judge, concur.
NOTES
[1] The initial complaint was filed on January 29, 1997, stating claims for breach of contract, misrepresentation, and fraud.