864 So.2d 1175 (2004)
CITY OF HOLLYWOOD, Appellant,
v.
Lou PETROSINO, Appellee.
No. 4D03-387.
District Court of Appeal of Florida, Fourth District.
January 7, 2004.
Rehearing Denied February 19, 2004.
*1176 Daniel Abbott, City Attorney, and Robert M. Oldershaw, Hollywood, and James W. Linn and John W. Forehand of Lewis, Longman & Walker, P.A., Tallahassee, for appellant.
Deborah Poore Knight of Walton, Lantaff, Schroeder & Carson, LLP, Fort Lauderdale, for appellee.
PER CURIAM.
On April 4, 2001, Lou Petrosino filed a complaint for declaratory relief seeking a determination that he should be included in the City of Hollywood's General Employees' Retirement System Plan. The City answered, asserting affirmative defenses including the statute of limitations and waiver. The trial court granted Petrosino partial summary judgment, holding that Petrosino was entitled to participate in the City's pension plan. The City filed a motion for summary judgment on its statute of limitations defense, which the trial court denied. Both parties agree that the applicable statute of limitations is five years. See § 95.11(2)(b), Fla. Stat. (2001); Williams v. Cordis Corp., 30 F.3d 1429, 1432 (11th Cir.1994) (stating that a pension plan is a unilateral contract) (citations omitted). After a bench trial, the trial court determined that Petrosino's claim was not time-barred because it did not accrue until he turned fifty-five in 2001, the time he became eligible for benefits. We reverse and remand.
Petrosino worked for the City from November 16, 1987 to March 12, 1999, as a housing inspector for the Community Development Division. His position was funded by a federal grant. At the time Petrosino was hired, the City deemed that such employees were not qualified to participate in the City's pension plan under Article X of the City Charter covering pensions and retirement. The City excluded Petrosino and like employees on the ground that grant-funded employees did not meet the definition of "employee" set forth in Article X.
In 1994, the City changed its position on the status of Community Development employees and gave them the option to join the pension plan, without credit for service prior to that year. Petrosino rejected the option and signed a document stating that he elected not to join. Although Petrosino felt at the time that it was unfair for the City to exclude his prior service from the pension opportunity, he did not seek any redress with the City or seek any legal advice on the issue. In March 1999, Petrosino resigned from his position as an inspector.
Petrosino alleged in his declaratory relief complaint that since he began his employment with the City, he has met the definition of the term "employee" set forth in Article X of the City Charter for the purposes of inclusion in the pension plan. During the course of the litigation, Petrosino moved for and was granted a partial summary judgment wherein the trial court ruled that Petrosino was entitled to participate in the city's pension plan. That ruling has not been appealed.
After denying the City's motion for summary judgment on the issue of whether the statute of limitations barred Petrosino's claim, this case proceeded to a bench trial. The trial court ruled that Petrosino's claim, filed on April 4, 2001, was not *1177 time barred because the claim did not accrue until Petrosino's fifty-fifth birthday in 2001. Under the terms of the pension plan, age fifty-five is the first time Petrosino became eligible to apply for benefits.
On appeal, the city argues that Petrosino's claim was time barred because his cause of action arose in 1987 when he was hired by the City and was informed that his position did not entitle him to pension benefits. Alternatively, the city argues that he waived his right to pursue his claim for benefits when he chose not to participate in the City's pension plan when offered the opportunity in 1994. Petrosino counters that the trial court did not err in ruling that the statute of limitations did not begin to run until 2001 when he applied for and was denied benefits following his fifty-fifth birthday.
The standard of review is de novo because there are no disputed facts and the trial court's conclusions were purely legal. See Bush v. Ayer, 728 So.2d 799, 801 (Fla. 4th DCA 1999). Petrosino relies on a number of federal cases to support the proposition that his cause of action did not begin to accrue until after he was denied benefits under the plan in 2001. See Grosz-Salomon v. Paul Revere Life Ins., 237 F.3d 1154, 1159 (9th Cir.2001); Grzyb v. New River Co., 793 F.2d 590, 592 (4th Cir.1986); Gray v. Greyhound Ret. & Disability Trust, 730 F.Supp. 415, 417 (M.D.Fla.1990).
However, federal courts have clarified that a plaintiff's cause of action also accrues upon a clear repudiation of the plaintiff's entitlement to benefits that is known or should be known to the plaintiff regardless of whether there has been a formal application and denial of benefits. See Union Pac. R.R. v. Beckham, 138 F.3d 325, 330-31 (8th Cir.1998); Daill v. Sheet Metal Workers' Local 73 Pension Fund, 100 F.3d 62, 66 & n. 5 (7th Cir.1996); Martin v. Constr. Laborer's Pension Trust for S. California, 947 F.2d 1381, 1384-86 (9th Cir.1991). Because the city made it clear to Petrosino in 1987 that he was not going to be included in the pension plan, this was when Petrosino's cause of action began to accrue under federal law.
Our analysis under Florida law begins with the general law regarding the application of statutes of limitation. In Margolis v. Andromides, 732 So.2d 507 (Fla. 4th DCA 1999), the court said:
The statute of limitations on a particular cause of action does not begin to run until the cause of action accrues. A cause of action "accrues" when the last element necessary to constitute the cause of action occurs.
Id. at 509 (citations omitted).
For Petrosino to prevail in a declaratory judgment action, the following elements had to be present:
... a bona fide, actual, present practical need for the declaration;
... the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts;
... some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts;
... there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law;
... the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
*1178 City of Hollywood v. Fla. Power & Light Co., 624 So.2d 285, 286-87 (Fla. 4th DCA 1993) (citing May v. Holley, 59 So.2d 636, 639 (Fla.1952); Robinson v. Town of Palm Beach Shores, 388 So.2d 314 (Fla. 4th DCA 1980)).
Because these five elements existed at the time Petrosino was hired and was informed he could not participate in the City's pension plan, Petrosino's cause of action accrued in 1987. See id.; Margolis, 732 So.2d at 509. This places Petrosino's claim well outside of the five-year statute of limitation. See § 95.11(2)(b), Fla. Stat. (2001). Because we find that the statute of limitations bars Petrosino's cause of action, we do not reach the City of Hollywood's waiver argument. Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED and REMANDED.
FARMER, C.J., GUNTHER and TAYLOR, JJ., concur.