STEVENSON, J.
In this lawsuit initiated by the City of Riviera Beach to foreclose certain utility and special assessment liens, the trial court dismissed the amended complaint on the ground that the action was filed outside of the statute of limitations period. Because the latest of these liens were recorded on September 17, 1996, and the foreclosure action was filed on July 1, 2005, we agree that the five-year limitations period has run and the amended complaint was properly dismissed.
By city council resolution dated May 3, 1995, the City of Riviera Beach acquired liens against property owned by the appel-lees for the non-payment of various water, sewer, lot cleaning and demolition special assessments billed from 1985-95. The City recorded the liens in the Palm Beach County official records books on July 7, 1995, and September 17, 1996. The City initiated this foreclosure action on July 1, 2005, and filed its amended complaint on December 6, 2006. On the appellees’ motion, the trial court dismissed the amended complaint with prejudice, ruling that the present suit is time-barred by the applicable five-year statute of limitations.
In its amended complaint, the City requests relief under sections 153.67 and 159.17, Florida Statutes (2005). Section 153.67 establishes liens for the nonpayment of water or sewer charges. Section 159.17 establishes liens for unpaid water, sewer, or gas service charges. Both statutes instruct that the respective liens are *170 enforceable in the manner provided by law for the foreclosure of mortgages on real property. See §§ 158.67, 159.17, Fla. Stat. (2005).
Section 95.11(2)(c), Florida Statutes (1995), establishes a five-year limitations period for an action to foreclose a mortgage. The City maintains that the five-year statute of limitations did not begin to run until the City filed the instant foreclosure action, and that it had twenty years to foreclose on the liens under the statute of repose pertaining to mortgage liens with no ascertainable maturity date. See § 95.281(l)(b), Fla. Stat. (1995).[1] The City also raises the procedural issue that the statute of limitations bar was not a proper ground for dismissal.
Section 95.081, Florida Statutes, instructs that a statute of limitations period runs from the time the cause of action accrues. § 95.031, Fla. Stat. (2005); Margolis v. Andromides, 732 So.2d 507, 509 (Fla. 4th DCA 1999). “A cause of action accrues when the last element constituting the cause of action occurs.” § 95.031(1), Fla. Stat. (2005). Put another way, the limitations period begins to run when the action “may be brought.” State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818, 821 (Fla.1996). The City had the legal ability to foreclose on the liens in the manner provided by law for the foreclosure of mortgages on real property as early as 1995, when it acquired the liens. Therefore, the trial court did not err in ruling that the recording of the liens triggered the five-year statute of limitations. Cf. County Collection Servs., Inc. v. Allen, 650 So.2d 650 (Fla. 4th DCA 1995) (holding that code enforcement hens had accrued on the date they were recorded). The City acquired its liens in 1995 and recorded them in 1995 and 1996. Based on the recording dates of the liens, the limitations period ended in 2000 and 2001, several years before the City filed the instant foreclosure action.
The City also argues that the statute of limitations was an improper ground for dismissing its amended complaint. We find that the trial court properly granted the motion to dismiss on statute of limitations grounds because the facts in support thereof “ ‘affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law.’ ” Aquatic Plant Mgmt., Inc. v. Paramount Eng’g, Inc., 977 So.2d 600, 604 (Fla. 4th DCA 2007) (quoting Bott v. City of Marathon, 949 So.2d 295, 296 (Fla. 3d DCA 2007) (citation omitted)); Roehner v. Atl. Coast Dev. Corp., 356 So.2d 1296, 1297 (Fla. 4th DCA 1978) (holding that dismissal is appropriate where it is “inescapably clear from the face of the complaint that the suit was filed beyond the statutory period”); see also Fla. R. Civ. P. 1.130(b) (“Any exhibit attached to a pleading shall be considered a part thereof for all purposes.”).

Affirmed.

GROSS and MAY, JJ., concur.

. The City correctly acknowledges that a lien’s duration under the statute of repose is subject to the running of the five-year statute of limitations. See, e.g., Houck Corp. v. New River, Ltd., Pasco, 900 So.2d 601, 603 (Fla. 2d DCA 2005) (holding that the twenty-year statute of repose was not a statute of limitations and did not alter the unequivocal five-year limitations period enunciated in section 95.11, Florida Statutes).