DAMOORGIAN, J.
Appellants appeal the trial court’s order denying their motion to transfer venue.[1] We reverse.
By way of background, Appellants are all individual accountants associated with the same accounting firm. Appellants joined a new accounting firm when their old firm voluntarily liquidated. Charles E. Rucks and Susan D. Rucks (“Appellees”) are clients of the former accounting firm who filed a professional malpractice complaint against it in Okeechobee County.
While the malpractice action was pending, Appellees filed a second complaint against Appellants and their new accounting firm alleging a violation of the Uniform Fraudulent Transfer Act (“the Fraudulent Transfer Act”). See § 726.106(1), Fla. Stat. (2010). The Fraudulent Transfer Act provides remedies for creditors in the event a debtor transfers assets to avoid payment. §§ 726.105-.108, Fla. Stat. (2010); Freeman v. First Union Nat’l Bank, 865 So.2d 1272, 1276-77 (Fla.2004). The alleged fraudulent transfers resulted when the new accounting firm purchased certain liquidated assets from the former accounting firm. Appellees also filed this suit in Okeechobee County.
In their complaint, Appellees asserted venue was proper there, on the grounds that the cause of action arose in Okeechobee County. Appellants moved to transfer venue, claiming they resided in, and all asset transfers and other actions giving rise to the claim occurred in, either Miami-Dade or Broward County. Additionally, neither accounting firm maintained offices or agents in Okeechobee County. Appellees opposed the transfer arguing that Appellants failed to meet their burden to prove that the cause of action did not accrue in Okeechobee County. The trial court denied the motion. This appeal follows.
Venue is proper “in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” § 47.011, Fla. Stat. (2010). Inasmuch as Appellants reside in Miami-Dade or Broward County, and no property is at issue, our resolution of the issue in this case requires us to determine where the action accrued.
*535 A cause of action accrues when the last element necessary to complete it occurs. § 95.031(1), Fla. Stat. (2010); State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818, 821 (Fla.1996) (holding that breach of contract claim for recovery of insurance benefits accrued when insurer failed to pay, not when accident occurred); Margolis v. Andromides, 732 So.2d 507, 509 (Fla. 4th DCA 1999) (holding that breach of implied warranty action accrued upon principal’s repudiation, not when the plaintiff understood the extent of damages).
Appellees argue that their fraudulent transfer claim accrued in Okeechobee County, since their damages at issue in the underlying malpractice claim happened there. We reject that argument because proof of damages in the underlying “claim” is not an element of a Fraudulent Transfer Act claim. See Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189, 192 (Fla.2003). The Fraudulent Transfer Act only requires that a creditor’s claim arise before the alleged transfer. § 726.106(1), Fla. Stat. (2010) (“A transfer made ... by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made.”). A “claim” under the Fraudulent Transfer Act “means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.” § 726.102(3), Fla. Stat. (2010); see also Friedman, 863 So.2d at 192. Indeed, the Fraudulent Transfer Act does not even require that the creditor first obtain a judgment against the debtor for the underlying claim. Id. at 193. (“[T]the statute automatically endows plaintiffs ... with ‘creditor’ status ... [while] their substantive underlying claims are also being litigated and resolved.”). Accordingly, the place where damages occurred in the underlying claim is irrelevant to determining when and where a fraudulent transfer claim accrued.
For purposes of determining when a Fraudulent Transfer Act claim accrues, we are guided by the applicable statute of limitations. The limitations period for claims arising out of the Fraudulent Transfer Act expires “within 4 years after the transfer was made or the obligation was incurred.” § 726.110(2), Fla. Stat. (2010) (emphasis added); see also § 95.031, Fla. Stat. (2010) (“[T]he time within which an action [begins] ... runs from the time the cause of action accrues.”). Thus, a Fraudulent Transfer Act claim accrues at the moment the alleged transfer occurs. Therefore, where the alleged fraudulent transfers take place is relevant to determining where venue lies.
In this case, Appellants presented evidence that the alleged fraudulent transfers took place in either Miami-Dade or Broward County. This was sufficient to shift the burden back to Appellees to demonstrate that venue was proper in Okeechobee County. See I-Net Techs., Inc. v. Salazar, 82 So.3d 1007, 1008 (Fla. 4th DCA 2011) (explaining that the filing of affidavits challenging venue shifts the burden to show proper venue back to the plaintiff). To rebut Appellants’ evidence establishing that the action accrued in either Miami-Dade or Broward County, Ap-pellees relied only on facts relevant to the underlying professional malpractice claim. We hold this was insufficient to meet their burden of “establishing] the propriety of the venue selection.” Drucker v. Duvall, 61 So.3d 468, 471 (Fla. 4th DCA 2011).
Accordingly, we reverse and remand with directions to transfer venue to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, or to the Seven *536 teenth Judicial Circuit in and for Broward County, Florida.

Reversed and Remanded.

HAZOURI and CIKLIN, JJ., concur.

. Appellants also requested transfer of venue on the grounds that Okeechobee County was not the most convenient forum. We need not address that issue.