NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHARLES A. HUMMER,                    )
                                      )
          Appellant,                  )
                                      )
v.                                    )    Case No. 2D14-5086
                                      )
ADAMS HOMES OF NORTHWEST              )
FLORIDA, INC., and NU WAY DRYWALL,    )
LLC,                                  )
                                      )
          Appellees.                  )
_____  )

Opinion filed February 26, 2016.

Appeal from the Circuit Court for Sarasota
County; Kimberly Carlton Bonner, Judge.

Jacqulyn Mack of Mack Law Firm
Chartered, Englewood, for Appellant.

Charles M. Sprinkle of Haynsworth Sinkler
Boyd, P.A., Greenville, South Carolina; and
Melanie Chung-Tims of Bice Cole Law
Firm, P.L., Coral Gables, for Appellee
Adams Homes of Northwest Florida, Inc.

Warren B. Kwavnick of Cooney Trybus
Kwavnick Peets, PLC, Fort Lauderdale, for
Appellee Nu Way Drywall, LLC.


ALTENBERND, Judge.

          Charles A. Hummer appeals a final order of dismissal in an action that he

filed pro se in June 2014.  The initial complaint was dismissed without leave to amend

on the theory that it was barred on its face by an applicable statute of limitations. We affirm as to his claims for damages arising from property damage but reverse as to the claims for damages related to personal injuries.

Mr. Hummer allegedly purchased a new home in North Port, Florida, on July 19, 2007. Adams Homes of Northwest Florida, Inc., was the general contractor for the house, and Nu Way Drywall, LLC, was the drywall subcontractor. The house was allegedly built with defective drywall.

From the complaint, which attaches a collection of exhibits that are of the type more likely to be provided by pro se litigants untrained in the law, there is no dispute that Mr. Hummer knew the home had a problem with its drywall by mid-2009. In his complaint, Mr. Hummer actually anticipates that the defendants will raise a statute of limitations as an affirmative defense, but he seeks equitable tolling and other avenues of relief from this affirmative defense. The complaint contains six counts: (1) negligence; (2) strict liability; (3) violation of the Florida Deceptive and Unfair Trade Practices Act; (4) breach of the implied warranty of habitability; (5) breach of the implied warranty of fitness; and (6) breach of the implied warranty of merchantability. In each count, Mr. Hummer alleges damages for property damage to the house and damages for personal injuries to himself. The defendants both filed motions to dismiss, claiming the action was barred by a statute of limitations. The trial court agreed. It entered a final order of dismissal and thereafter denied rehearing.

As to the property damage, Mr. Hummer acknowledges that he had actual knowledge of the defective drywall more than four years before the filing of this lawsuit.

All of his theories are barred by one or more four-year statutes of limitations. See §§ 95.11(3), .031(2), Fla. Stat. (2009).

As to his personal injury claims, the issue is more complex. Mr. Hummer is allegedly a fully disabled veteran. Although he apparently received medical treatment in 2009 that ultimately may be determined to be related to the drywall, we are not convinced that the date of the accrual of his personal injury causes of action can be established beyond dispute from his pro se pleading. A trial court's authority to dismiss a complaint on an affirmative defense of statute of limitations is limited to situations in which "the complaint affirmatively and clearly shows the conclusive applicability of such defense as a bar to the action." Alexander Hamilton Corp. v. Leeson, 508 So. 2d 513, 513 (Fla. 4th DCA 1987). "A motion to dismiss a complaint based on the expiration of the statute of limitations should be granted only in extraordinary circumstances in which the facts pleaded in the complaint conclusively establish that the statute of limitations bars the action as a matter of law." Wishnatzki v. Coffman Constr., Inc., 884 So. 2d 282, 285 (Fla. 2d DCA 2004).

The complaint does not conclusively establish that a statute of limitations bars Mr. Hummer's claims for personal injuries. Given that the claims for property damage and personal injuries were intertwined throughout Mr. Hummer's complaint, on remand the trial court shall enter a new order dismissing the complaint with leave to file an amended complaint limited to the personal injury theories. Now that Mr. Hummer is represented by counsel, it is likely that he can more clearly allege his claims.

Affirmed in part, reversed in part, and remanded.

SLEET, J., Concurs.
LUCAS, J., Concurs in part and dissents in part with opinion.

LUCAS, Judge, concurring in part, and dissenting in part.

Mr. Hummer's complaint, filed in June 2014, describes a sequence of events and injuries that for purposes of accrual[1] could only be read as spanning more than four years. Because I see no distinction between this pleading's facially untimely property damage claims and its facially untimely personal injury claims, I must respectfully dissent from the court's decision to reverse the dismissal of the latter claims. In my opinion, Mr. Hummer's personal injury claims were barred by the four-year statute of limitations. See § 95.11(3).

In reaching its decision, it appears the majority is viewing the accrual of Mr. Hummer's claims in light of the delayed discovery rule. See § 95.11(3)(c) (providing that an action involving latent defects in improvements to real property accrues when "the defect is discovered or should have been discovered with the exercise of due diligence"); Hearndon v. Graham, 767 So. 2d 1179, 1184 (Fla. 2000) (discussing development of delayed discovery rule, which delays "the accrual of a cause of action until the plaintiff reasonably discovered the right of action"). I agree with that assumption, insofar as the delayed discovery rule accurately defines the precise issue of accrual in this controversy. It is also an assumption Mr. Hummer seems to have shared when he drafted his complaint.

In that respect, the complaint's claims, while "intertwined throughout" to some degree, include specific, temporal details about Mr. Hummer's injuries—and his

---

[1]Accrual is, of course, the pivotal issue in this appeal. See § 95.031, Fla. Stat. (2009) ("Except as provided in subsection (2) and in s. 95.051 and elsewhere in these statutes, the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues. (1) A cause of action accrues when the last element constituting the cause of action occurs.").

awareness of them—that we ought not to overlook. For example, after identifying the defendants and their connection to the installation of allegedly defective drywall in Mr. Hummer's home in 2007 and discussing the health hazards of defective drywall in general, the complaint makes the following allegations:

> Plaintiff was unable to discover both the defective drywall *until testing took place and the resulting health issues until he began to experience health issues which compelled Plaintiff to seek medical attention in 2009 and 2010.*

> But for Defendants' inspecting, installing, and finishing defective drywall into plaintiff's home, plaintiff would not have suffered abdominal, breathing, and chest pain *which culminated in* multiple hospital visits throughout 2009 and 2010.

(Emphasis added.)

Clearly, Mr. Hummer recognized that his personal injury claims were in danger of being time-barred. He preemptively framed the issue of their accrual in his own pleading. If we accept Mr. Hummer's allegations as true (which we must), see Meadows Cmty. Ass'n v. Russell-Tutty, 928 So. 2d 1276, 1278 (Fla. 2d DCA 2006), then his inability to discover that the drywall could be the source of his injuries ended when his "resulting health issues" compelled him to seek medical attention—in 2009— and when his ailments "culminated" in multiple hospital visits—throughout 2009. Mr. Hummer unequivocally alleges a point in time that marks the point of accrual for his personal injury claims—the year 2009, which is more than four years before he filed his complaint. Cf. Kelley v. Sch. Bd. of Seminole Cty., 435 So. 2d 804, 806 (Fla. 1983) (observing that accrual under section 95.11(3)(c) commences when a plaintiff knows it has "or might have had" a cause of action). I have no qualm with the circuit court accepting the complaint's proffer of 2009 as the point of accrual when it ruled on the

defendants' motion to dismiss.  Indeed, given the complaint's repeated allegations on the subject, it had little choice.[2]

But if these allegations were not enough, Mr. Hummer's complaint also includes two timelines that he prepared and attached as exhibits; and they further evince the untimeliness of his personal injury claims.  See Fla. R. Civ. P. 1.130(b) ("Any exhibit attached to a pleading shall be considered a part thereof for all purposes.").  In the first such exhibit Mr. Hummer identifies a "Date of Loss" of July 16, 2009.  In the second timeline exhibit he notes two 2009 "ER" hospital visits for "Breath/Chest Pain"— conditions that he claims in his complaint were related to the defective drywall installed by the defendants.  Here as well, then, the injuries that Mr. Hummer alleges were related to his personal injury claims were, by his own timeline reckonings, sustained in 2009, over four years before his complaint was filed.

I fully recognize that dismissal of a complaint under the statute of limitations should be reserved for "extraordinary circumstances," Wishnatzki, 884 So. 2d at 285, "where it is 'inescapably clear from the face of the complaint that the suit was filed beyond the statutory period,' " City of Riviera Beach v. Reed, 987 So. 2d 168, 170 (Fla. 4th DCA 2008) (quoting Roehner v. Atl. Coast Dev. Corp., 356 So. 2d 1296, 1297

_____

[2]Mr. Hummer cannot simultaneously claim that 2009 was the year he could have first discovered that his injuries were related to his exposure to drywall and then, when it is pointed out in a motion to dismiss that that year would run his claims afoul of the statute of limitations, pretend to ignore it.  Cf. Hart Props., Inc. v. Slack, 159 So. 2d 236, 238-39 (Fla. 1963) (holding that litigants "are bound by the allegations of their pleadings and that admissions contained in the pleadings as between the parties themselves are accepted as facts" (quoting Carvell v. Kinsey, 87 So. 2d 577, 577 (Fla. 1956))).  The majority appears to make allowance for this with the observation that Mr. Hummer is a pro se litigant whose complaint will likely be clarified by the assistance of retained counsel following remand.  To my reading, Mr. Hummer's complaint already paints a clear picture of the accrual of his claims.

(Fla. 4th DCA 1978)).  But such is the case with Mr. Hummer's complaint.  His pleading clearly and inescapably implicates the statute of limitations for his personal injury claims, just as it does for his property damage claims.  Because it does, I would affirm the judgment of the circuit court in all respects.