SWANSON, J.
Appellant seeks review of a final order of the State Board of Administration (SBA) that denied appellant’s request for renewed membership in the Florida Retirement System (FRS) upon concluding appellant was a retiree who was ineligible for reenrollment in the FRS pursuant to section 121.122(2), Florida Statutes (2010). We affirm.
On September 30, 2005, appellant was hired by the Seminole County School *1014 Board and enrolled in the Public Employee Optional Retirement Program (Investment Plan) of the FRS. Appellant terminated his employment on November 16, 2006. On March 29, 2007, appellant took a total distribution from his Investment Plan account after being advised he could leave the funds in the Investment Plan and not take a distribution. In 2009, section 121.122(2) was enacted to prohibit retirees who return to work with an FRS-covered agency on or after July 1, 2010, from participating in the FRS.
On April 13, 2011, appellant began work as an attorney with the Florida Department of Financial Services, Division of Legal Services, an FRS-covered agency. After returning to work, appellant was advised that he could not participate in the FRS because he was a retiree who came back to FRS-covered employment after July 1, 2010. Appellant filed an “FRS Investment Plan Request for Intervention” with the SBA, requesting he be allowed to renew his membership in the FRS on the ground section 121.122(2) did not apply to him because he did not qualify as a “retiree” when he took a total distribution from his Investment Plan account. In response, the SBA issued a denial letter, concluding appellant qualified as a “retiree” and was ineligible for reenrollment in the FRS pursuant to section 121.122(2).
After appellant filed a timely petition for hearing, a hearing officer held an informal hearing and issued an order recommending the SBA issue a final order denying appellant’s request for relief on the ground section 121.122(2) applied to Investment Plan members who retired by taking a distribution and did not return to employment until on or after July 1, 2010. Appellant filed a number of exceptions to the recommended order. The SBA entered a final order rejecting appellant’s exceptions, adopting the recommended order in its entirety, and denying appellant’s request for renewed membership in the FRS. This appeal follows.
Employees eligible for membership in the FRS may elect to participate in either the defined benefit retirement program (Pension Plan) or the Public Employee Optional Retirement Program (Investment Plan). §§ 121.021(3), 121.091 & 121.4501, Fla. Stat. (2010). The Investment Plan is a defined contribution plan with a shorter one-year vesting requirement. §§ 121.021(3) & 121.4501, Fla. Stat. (2010). “In defined contribution plans such as the Investment Plan, the employee bears the risk of loss in the value of investments chosen by the employee.” State Bd. of Admin. v. Huberty, 46 So.3d 1144, 1145 (Fla. 1st DCA 2010). Upon retirement, a vested Pension Plan employee receives a monthly benefit for his or her lifetime whereas a vested Investment Plan employee receives a distribution of accumulated benefits from his or her account. §§ 121.091 & 121.591, Fla. Stat. (2010). Under both plans, an employee must terminate all FRS-covered employment in order to receive a benefit. §§ 121.091 & 121.591, Fla. Stat. (2010). In 2009, the legislature created section 121.122(2), which provides: “A retiree of a state-administered retirement system who is initially reemployed on or after July 1, 2010, is not eligible for renewed membership.” Ch. 2009-209, § 12, at 2134, Laws of Fla.
Appellant asserts the SBA erred when it concluded he was a retiree who was precluded from renewed membership in the FRS under section 121.122(2). Appellant disputes he qualifies as a “retiree” under the statute, relying on section 121.021(60), Florida Statutes (2010), which defines “[rjetiree” as “a former member of *1015 the Florida Retirement System or an existing system who has terminated employment and is receiving benefit payments from the system in which he or she was a member.” (Emphasis added). Because he received a prior nonrecurring, lump-sum distribution from his Investment Plan account, appellant claims he is not a retiree who “is receiving benefit payments.” However, the SBA correctly responds that the statutory prohibition applies to “[a] retiree of a state-administered retirement system” and that “[s]ystem” is defined by section 121.021(3) as “including ... the defined benefit retirement program administered under the provisions of part I of this chapter and the defined contribution retirement program known as the Public Employee Optional Retirement Program and administered under the provisions of part II of this chapter.” Moreover, section 121.4501(2)(k), which falls under part II of Chapter 121, defines “[r]etiree” as “a former participant of the optional retirement program who has terminated employment and has taken a distribution as provided in s. 121.591, except for a mandatory distribution of a de minimis account authorized by the state board.” Reading all of these related provisions together, the SBA asserts the prohibition of section 121.122(2) applies to appellant because he retired by taking a total distribution from his Investment Plan account and did not return to FRS-covered employment until after July 1, 2010. This court will defer to an agency’s interpretation of a statute that it is charged with administering unless that interpretation is contrary to the plain meaning of the statute or is clearly erroneous. Huberty, 46 So.3d at 1146. We defer to the SBA’s interpretation of section 121.122(2), which we conclude is not contrary to the plain meaning of the statute and is not clearly erroneous.
Assuming he was a retiree under section 121.122(2), appellant asserts the statute could not apply retroactively to him, who retired prior to its effective date, without impairing his vested right to renewed membership in the FRS when he returned to FRS-covered employment. A statute cannot be constitutionally applied retroactively if it “impairs vested rights, creates new obligations, or imposes new penalties.” State, Dep’t ofMgmt. Servs. v. City of Delray Beach, 40 So.3d 835, 840 (Fla. 1st DCA 2010) (quoting State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995)). This court has explained:
Whether a statute has been retroactively applied depends on whether it ascribes new legal consequences to events predating the statute. See [Metropolitan Dade County v.] Chase Fed. Hous. Corp., 737 So.2d [494] at 499 [(Fla.1999) ]. “ ‘A statute does not operate “retrospectively” merely because it is applied in a case arising from conduct antedating the statute’s enactment. ...’ ” Id. (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 269-70, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)). “[T]he concept of vested rights [plays] a central role in the analysis of retroactivity issues.” R.A.M. [of South Florida, Inc. v. WCI Communities, Inc.], 869 So.2d [1210] at 1216 [(Fla. 2d DCA 2004) ].
[T]o be vested, a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand .... Vested rights are distinguished not only from expectant rights but also from contingent rights.... They are vested when the right to enjoyment, present or pro *1016 spective, has become the property of some particular person or persons, as a present interest. They are expectant when they depend upon the continued existence of the present condition of things until the happening of some future event. They are contingent when they are only to come into existence on an event or condition which may not happen or be performed until some other event may prevent their vesting.
Id. at 1218 (citations and quotations omitted).
City of Delray Beach, 40 So.3d at 840.
When appellant retired from the FRS, he did not have a vested right to renewed membership in the FRS. At most, he had an expectant or contingent right insofar as his right to renewed membership in the FRS depended on the continued existence of that right if he ever returned to FRS-covered employment at some point in the future. Even if retirees had a right to renewed membership in the FRS prior to the 2009 enactment of section 121.122(2), the legislature had the inherent authority to unilaterally alter that right as it applied to retirees who returned to state service after the amendment. See Fla. Sheriff’s Ass’n v. Dep’t of Admin., Div. of Ret., 408 So.2d 1033, 1037 (Fla.1981) (recognizing that a future legislature is not precluded from “prospectively altering benefits which accrue for future state service.”). Absent the existence of a vested right to renewed membership in the FRS, appellant cannot assert the application of section 121.122(2) impaired his contractual rights under article I, section 10 of the Florida Constitution; constituted an improper taking of property under article X, section 6 of the Florida Constitution; or violated any other constitutional limitation. See City of Delray Beach, 40 So.3d at 840-42.
AFFIRMED.
MARSTILLER and RAY, JJ„ concur.