ON MOTION FOR REHEARING
FORST, J.
We grant the Motions for Rehearing filed, respectively, by Aberdeen Property Owners Association and Aberdeen Golf & Country Club,[1] withdraw our previously issued opinion dated August 21, 2013, and replace it with the following:
The Appellant, Leslie Harris (“Harris”), challenges the final summary judgment entered by the trial court on her action for declaratory relief. The court’s ruling was based on the statute of limitations. We reverse the final summary judgment to the extent that it found Harris’s claim for declaratory relief was barred by the statute of limitations. We otherwise affirm.
In 2006, Harris took title to property in Bristol Lakes, a residential community in the Aberdeen development. Aberdeen Property Owners Association (“Aberdeen POA”) is the master association for the Aberdeen development, while Bristol Lakes Homeowners Association (“Bristol Lakes HOA”) is the homeowners association for Bristol Lakes. At the time Harris took title, the governing documents of Bristol Lakes HOA, as amended in November of 2004 and recorded in December of 2004, did not require membership in the Aberdeen Golf & Country Club (“Aberdeen Club”). However, Aberdeen POA’s governing documents, as amended and re *367 corded in June of 2004, did require mandatory membership. Because of this conflict, Bristol Lakes HOA sued Aberdeen POA in 2005. Aberdeen Club intervened in the suit.
In 2010, Aberdeen Club and Bristol Lakes HOA entered into a settlement agreement which provides for non-fee, non-privileges membership by Bristol Lakes homeowners. It also contains a provision that appears to require homeowners who took title after October 30, 2004 and who had not joined Aberdeen Club or paid club dues to retroactively join the Club as of the date they took title and to pay, in increments, fees that had accrued from the date they took title to the date of the settlement agreement.[2]
Subsequently, in 2010, Harris brought suit against Aberdeen POA, Aberdeen Club, and Bristol Lakes HOA, seeking declaratory relief regarding membership in the Club. Her amended complaint contains three counts. Count I is for declaratory relief, and requests clarification as to whether Harris is required to join the Club and pay all fees and dues from 2006 onward. Count I also asks the trial court to “declare the mandatory membership amendment improperly enacted .... ” Count II alleges that Bristol Lakes HOA breached its fiduciary duty by entering into the settlement agreement. Count III requests supplemental relief if declaratory relief is granted, including injunctive relief.
In its answer, Aberdeen POA raised the affirmative defense of the statute of limitations. Harris filed a motion for summary judgment, apparently seeking a ruling in her favor on the defense. Aberdeen POA filed a cross-motion for summary judgment based on the statute of limitations. The court entered a final summary judgment in favor of Aberdeen POA, in which the court found that the five-year limitations period applied under section 95.11(2)(b), Florida Statutes (2010), that the cause of action accrued in 2004 when Aberdeen POA’s mandatory membership amendment was recorded, and that Harris’s claim was brought outside of the limitations period.
On appeal, Harris raises two issues, but only one has merit. Harris argues the court erred in finding the limitations period started running when the Aberdeen POA amendment was recorded. Harris maintains the cause of action did not accrue until she took title to property affected by the amendment, on October 24, 2006, less than four years prior to her filing her complaint on October 4, 2010.
“Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” Fredrick v. N. Palm Beach Cnty. Improvement Dist., 971 So.2d 974, 978 (Fla. 4th DCA 2008). “The standard of review governing a trial court’s ruling on a motion for summary judgment posing a pure question of law is de novo.” Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001); see also Briggs v. Jupiter Hills Lighthouse Marina, 9 So.3d 29 (Fla. 4th DCA 2009) (reviewing de novo a trial court’s entry of summary judgment based on statute of limitations).
The parties agreed below to the applicability of section 95.11(2)(b), Florida Statutes (2010), which provides for a limitations period of five years for “[a] legal or equitable action on a contract, obligation, or liability founded on a written instru-menté]” We agree this section applies to Harris’s complaint. Thus, the issue for this court is when the cause of action *368 accrued. See § 95.031(1), Fla. Stat. (2010). The trial court entered summary judgment on Counts I and III.[3] Count I requested declaratory relief and also challenged the validity of the mandatory membership amendment itself; Count III requested supplemental relief pursuant to sections 86.011, 86.021 and 86.061, Florida Statutes (2010). Aberdeen POA argues that the limitations period began to run, not just for Harris, but for anyone who might at some point challenge the mandatory membership amendment, at the time the amendment was recorded in 2004.
To the extent that Harris challenges the validity and the enactment of the mandatory membership amendment, we agree with Aberdeen POA that the statute of limitations with respect to such a challenge began to run from the 2004 date the amendment was recorded in the public records. See Fredrick, 971 So.2d at 979-80 (holding the statute of limitations on a challenge to municipal assessments imposed for expansion of a road began to run either from the date the assessments were created or the date they were approved); Keenan v. City of Edgewater, 684 So.2d 226, 227 (Fla. 5th DCA 1996) (holding that a challenge to a resolution imposing special assessments for the purpose of construction of a water and sewer treatment plant accrued when the resolution was passed); see also Winkelman v. Toll, 661 So.2d 102, 107 (Fla. 4th DCA 1995) (noting that Florida has a notice-type recording statute, which functions to give “notice to the world” that a property is subject to any properly recorded provisions and regulations). Accordingly, any challenge to the validity/enactment of the amendment itself is barred by the applicable statute of limitations which, in this case, is section 95.11(2)(b), Fla. Stat. (2010) (imposing a five-year limitation on any “legal or equitable action on a contract, obligation, or liability found on a written instrument”).
In order to be entitled to declaratory relief, a party must show:
There is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.
Coal for Adequacy & Fairness in Sch. Funding, Inc. v. Chiles, 680 So.2d 400, 404 (Fla.1996) (quoting Santa Rosa County, v. Admin. Comm’n, Div. of Admin. Hearings, 661 So.2d 1190, 1192-93 (Fla.1995)).
“A cause of action accrues when the last element constituting the cause of action occurs.” 95.031(1), Fla. Stat. (2005). As this court has noted, “[p]ut another way, the limitations period begins to run when the action 'may be brought.’ ” City of Riviera Beach v. Reed, 987 So.2d 168, 170 (Fla. 4th DCA 2008) (citing State Farm Mut. Auto. Ins. Co. v. Lee, 678 So.2d 818, 821 (Fla.1996)).
Harris argues that all the elements of declaratory relief were not present until *369 she took title to the property in 2006 and became subject to the mandatory membership amendment. Until she took title to the property, her argument goes, she had no interest in the matter and suffered no damages. To that end, Paragraph 35 of Harris’s amended complaint alleges “[a]n actual, present practical need for declaration exists of the rights and obligations between and among Plaintiff, Harris, on the one hand, and Defendants POA, and HOA, on the other, in regards to the two competing amendments .... ” Harris further averred in her amended complaint that she relied upon the HOA amendment’s language indicating that membership in the Aberdeen Club was not mandatory for Bristol Lakes homeowners.
Focusing on the elements of a declaratory relief action, we find that until Harris took title in October of 2006, there was no “immunity, power, privilege or right of the complaining party” that was “dependent upon the facts or the law applicable to the facts.” See City of Hollywood v. Petrosino, 864 So.2d 1175, 1177-78 (Fla. 4th DCA 2004) (finding that former employee’s declaratory relief action accrued when he was hired and informed he could not participate in pension plan, as all the elements of a declaratory relief action existed at that time). Accordingly, because Harris filed suit within five years of taking title, it was error for the trial court to enter summary judgment based on the statute of limitations with respect to Harris’s request for declaratory relief regarding the competing 2004 POA and HOA amendments.

Affirmed in part; Reversed and Remanded in part.

TAYLOR and LEVINE, JJ., concur.

. We deny the Appellees’ Motions for Rehearing En Banc and Motions for Certification.

. No Bristol Lakes homeowners were required to remain members of the Aberdeen Club or pay Club fees subsequent to the date of the settlement agreement.

. Count II was filed against Bristol Lakes HOA and is the subject of an appeal dealt with separately. See Harris v. Bristol Lakes Homeowners Ass'n, 120 So.3d 568 (Table) (Fla. 4th DCA 2013).