NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KIMBERLY A. CAMPBELL, )
)
　　　　　Appellant, )
)
v. ) Case No. 2D15-214
)
STATE OF FLORIDA, STATE BOARD )
OF ADMINISTRATION, )
)
　　　　　Appellee. )
　　　　　　　　　　　　　　　　　　 )

Opinion filed January 22, 2016.

Appeal from the State Board of
Administration.

Thomas H. Bateman, III, Mark Herron and
Robert J. Telfer, III, of Messer Caparello,
P.A., Tallahassee, for Appellant.

Brandice D. Dickson and Brian A. Newman
of Pennington, P.A., Tallahassee, for
Appellee.


SLEET, Judge.

　　　　　Judge Kimberly Campbell appeals the final order of the State Board of

Administration (SBA) denying her request for renewed membership in the Florida

Retirement System (FRS) as an elected officer under section 121.052, Florida Statutes

(2013). The SBA concluded that Judge Campbell was a retiree who was ineligible for reenrollment in the FRS pursuant to section 121.122(2). We affirm.

From January 2, 2001, through September 30, 2003, Judge Campbell was employed by the State of Florida as an assistant state attorney and was a member of the FRS investment plan. In 2006, approximately two and a half years after leaving her employment with the state attorney's office, Judge Campbell withdrew all of the funds from her FRS account, which totaled a little more than $8000. In 2009, chapter 121, which governs the FRS, was amended to prohibit retirees who are elected or appointed to a position with an FRS employer on or after July 1, 2010, from participating in the FRS. Ch. 2009-209, §12, at 2107, Laws of Fla.

In August 2012 Judge Campbell was elected circuit court judge for the Sixth Judicial Circuit of Florida. She thereafter sought reenrollment in the FRS pursuant to section 121.052, which makes enrollment in the FRS compulsory for elected officers. However, the SBA determined that Judge Campbell was a "retiree" as defined by section 121.4501(2)(k) because she is "a former member of the investment plan who has terminated employment and taken a distribution of vested employee or employer contributions." Section 121.122(2) prohibits "[a] retiree of a state-administered retirement system who is initially reemployed in a regularly established position on or after July 1, 2010," from reenrolling in the FRS. Accordingly, the SBA denied Judge Campbell renewed enrollment in the FRS.

Judge Campbell sought review of the SBA's determination by filing a petition for hearing with the SBA, which was referred to the Division of Administrative Hearings. The assigned administrative law judge agreed with the SBA's initial

determination and concluded that Judge Campbell was ineligible to reenroll as a member of the FRS elected officer's class upon receiving her commission in 2013 because she had not returned to FRS-covered employment before July 1, 2010.  See § 121.122(2).  Based on the administrative law judge's findings, the SBA entered a final order denying Judge Campbell renewed membership in the FRS.  This appeal followed.

On appeal, Judge Campbell asserts that her enrollment in the FRS is compulsory because she is an elected officer.  See § 121.052(3) ("[P]articipation in the Elected Officers' Class shall be compulsory for elected officers [including circuit court judges] . . . unless the elected officer elects membership in another class or withdraws from the Florida Retirement System." (emphasis added)).  She contends that the definition of "retiree" given in section 121.4501(2)(k) applies only to investment plan members and is either not applicable to her as an elected officer or in conflict with the compulsory participation in the FRS mandated by section 121.052(3).

We agree with the SBA's interpretation of chapter 121.  Judge Campbell's contentions on appeal are inconsistent with the provision in section 121.053 that states: "On or after July 1, 2010 . . . [a] retiree of a state-administered retirement system who is elected or appointed for the first time to an elective office in a regularly established position with a covered employer may not reenroll in the Florida Retirement System."  § 121.053(3)(a) (emphasis added).  The statute clearly and unambiguously prohibits members who received benefits prior to July 1, 2010, from reenrolling in the FRS should they again obtain employment with an FRS-covered employer after that date, even if they are elected officers.  See §§ 121.122(2), .053(3)(a), .4501(2)(k); Megiel-Rollo v. Megiel, 162 So. 3d 1088, 1097-98 (Fla. 2d DCA 2015) ("[W]hen the language of the

statute is clear and unambiguous and conveys a clear and definite meaning, . . . the statute must be given its plain and obvious meaning." (quoting Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984))).

Judge Campbell also challenges the constitutionality of chapter 121 as applied to her because it deprives her of her right to renewed membership in the FRS as an elected officer. The First District addressed a constitutional challenge to chapter 121 in Blaesser v. State Board of Administration, 134 So. 3d 1013, 1015 (Fla. 1st DCA 2012), that was almost identical to the one raised by Judge Campbell in this appeal. There, the appellant left his job with the Seminole County School Board, withdrew the balance of his investment plan account, and then later obtained FRS-eligible employment with the Florida Department of Financial Services. He argued that "the statute could not apply retroactively to him, [when he] retired prior to its effective date, without impairing his vested right to renewed membership in the FRS when he returned to FRS-covered employment." Id. The First District held that "[t]o be vested, a right must be more than a mere expectation based on an anticipation of the continuance of an existing law" and that the appellant had no vested right to renewed membership in the FRS. Id. (quoting Fla. Dep't of Mgmt. Servs. v. City of Delray Beach, 40 So. 3d 835, 840 (Fla. 1st DCA 2010)). The court explained that "[a]t most, [the appellant] had an expectant or contingent right insofar as his right to renewed membership in the FRS depended on the continued existence of that right if he ever returned to FRS-covered employment at some point in the future." Id. Even if retirees had a vested right to reenrollment, the legislature had the authority to prospectively alter the right to benefits that might accrue from future state employment. Id. (citing Fla. Sheriffs Ass'n v. Dep't

- 4 -

of Admin., Div. of Ret., 408 So. 2d 1033, 1037 (Fla. 1981)). We agree. Any right that Judge Campbell had to future retirement benefits was not vested at the time of the legislative amendment and was, in any event, subject to alteration by the legislature.

When it amended chapter 121 in 2010, the legislature intended to alleviate the financial burden imposed on state and local FRS employers when employees return to work after retiring and become eligible for secondary FRS retirement benefits. Fla. H.R. Comm. on Gov't Ops. Approp., HB 479 (2009) Staff Analysis 1 (April 15, 2009). Before the 2009 amendment, an employee who chose to return to work for an FRS-eligible employer after retiring received retirement benefits from the FRS and a salary from his or her employer; however, the employer was also required to contribute to additional future FRS benefits for the returning employee. Id. at 3. Because a returning employee was able to collect the FRS benefits already earned and was still eligible for participation in the FRS, these employees essentially earned a second retirement benefit. The 2009 amendment, which eliminated reenrollment in the FRS for "retirees," was "expected to produce cost savings to the overall funding of the FRS[] and state and local FRS employers" by "precluding retirees reemployed with an FRS employer from accruing a second retirement benefit." Id. at 1, 4.

However, the current language of chapter 121 extends beyond individuals who ultimately obtain a second retirement after becoming eligible to receive FRS benefits. Judge Campbell's receipt of a little more than $8000 from her investment plan account after working for the state attorney's office for less than three years was sufficient under the current statutory language to preclude her from being eligible for any FRS benefits for the remainder of her Florida career. Chapter 121 currently

precludes any individual who chooses to make a withdrawal from their FRS account after terminating employment with an FRS employer from reenrolling in the FRS regardless of the significance of the withdrawal, the length of their prior employment, or the potential burden imposed on state and local FRS employers. The statute does not provide the SBA any discretion to consider the particular circumstances of returning employees in deciding whether their membership in the FRS should be renewed. As such, Judge Campbell's only remedy appears to be legislative. If the legislature did not intend to visit this hardship on individuals in the same or similar position as Judge Campbell, we encourage it to revisit the language of chapter 121.

Affirmed.

SILBERMAN and BLACK, JJ., Concur.