IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JULIE K. HILTON, THE LOYD
CHARLES HILTON, JR.
QUALIFIED PERSONAL
RESIDENCE TRUST, THE
LELA GRIFFIN HILTON
QUALIFIED PERSONAL
RESIDENCE TRUST, AND THE
LOYD CHARLES (CHIP)
HILTON, III IRREVOCABLE
TRUST,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-440

      Appellants,

v.

DAVID PEARSON AND
ELIZABETH PEARSON AND
PARADISE BY THE SEA
PROPERTY OWNERS
ASSOCIATION, INC., A
FLORIDA HOMEOWNERS
ASSOCIATION,

      Appellees.

_____/

Opinion filed February 10, 2016.

An appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

W. Douglas Hall and Peter D. Webster of Carlton Fields Jorden Burt, P.A.,
Tallahassee, for Appellants.

William S. Howell, Jr. of Williams S. Howell, Jr., P.A., Santa Rosa Beach; and Fred D. Bentley, Jr., Marietta, GA, for Appellees David Pearson and Elizabeth Pearson.

No appearance for Appellee Paradise by the Sea Property Owners Association, Inc.

PER CURIAM.

Appellants (the Hiltons) seek review of an amended final order invalidating the 2001 and 2005 amendments to the restrictive covenants governing the Paradise by the Sea subdivision in south Walton County. We reverse because the suit challenging the amendments is barred by the five-year statute of limitations in section 95.11(2)(b), Florida Statutes.

In July 2013, Appellees David and Elizabeth Pearson (the Pearsons) filed suit against the homeowners' association for the Paradise by the Sea subdivision alleging that the amendments to the subdivision's restrictive covenants recorded in September 2001 and April 2005 are "null and void" because they were not properly enacted. Specifically, the suit alleged that the amendments were not enacted in compliance with the subdivision's original restrictive covenants because the 2001 amendments were never voted on or approved by the owners within the subdivision and the 2005 amendments were approved by only 70% of the owners even though

2

the amendments affected the owners' property rights.[1]

The Hiltons were permitted to intervene to oppose the relief sought by the Pearsons, and they filed an answer asserting the affirmative defense that the Pearsons' suit is barred by the statute of limitations. The Hiltons subsequently filed a motion for summary judgment on the statute of limitations issue in which they argued that "Harris [v. Aberdeen Property Owners Association, Inc., 135 So. 3d 365 (Fla. 4th DCA 2014)] is directly on point and controlling." The trial court denied the motion.

In March 2015, after a bench trial, the trial court entered an amended final order declaring the 2001 and 2005 amendments "void" and finding that the subdivision's original restrictive covenants remain in effect. The order also reaffirmed the trial court's rejection of the Hiltons' statute of limitations defense, finding that Harris "is not applicable to the present case."

On appeal, in support of the argument that the trial court erred in rejecting their statute of limitations defense, the Hiltons rely primarily on Harris and Silver Shells Corp. v. St. Maarten at Silver Shells Condominium Association, Inc., 169 So.

---

[1] The original restrictive covenants provided that amendments generally "must be approved by the affirmative vote of members who own not less than two-thirds (2/3) of the total Lots in the [subdivision]." However, for amendments that "make any change in the property rights of property owners," the original restrictive covenants required "approval . . . by all owners."

3d 197 (Fla. 1st DCA 2015).[2]  In response, the Pearsons argue that the statute of limitations defense was waived below because it was not raised by the association in its answer, and even if the defense was not waived, the trial court correctly rejected the defense because the improperly enacted amendments were tantamount to forged deeds that were void ab initio and could be challenged at any time.  The Hiltons reply that the defense was not waived because the trial court expressly ruled that they could raise the issue as an affirmative defense as intervenors and the court also granted the association's motion asking the trial court to consider the issue in order to avoid further delay in resolving which version of the restrictive covenants governs the subdivision.

We summarily reject the Pearsons' waiver argument, finding it refuted by the record and contrary to rulings by the trial court that the Pearsons did not cross-appeal.  On the merits of the statute of limitations issue, we agree with the Hiltons that reversal is compelled by Harris and Silver Shells, which stand for the proposition that a suit challenging the validity of an amendment to restrictive covenants must be filed within five years of the date that the amendment is recorded even if the suit alleges that the amendment was void because it was not properly enacted.  Here, the Pearsons' suit was filed almost 12 years after the 2001 amendment was recorded and more than 8 years after the 2005 amendment was

_____

[2]  Silver Shells was decided after this appeal was filed.

recorded. Therefore, the suit is barred by the statute of limitations.[3]

Finally, contrary to the position explicated by the Pearsons for the first time at oral argument, we see nothing in the record that could support a finding that the Hiltons were equitably estopped from asserting the statute of limitations defense or that would otherwise require further development of the record regarding the applicability of that defense. Accordingly, the amended final order is reversed and this case is remanded for entry of judgment against the Pearsons.

REVERSED and REMANDED with directions.

WETHERELL, MAKAR, and WINOKUR, JJ., CONCUR.

---

[3] Based on this disposition, we need not consider the Hiltons' argument that the trial court misconstrued the original restrictive covenants and erroneously determined that the 2001 and 2005 amendments are void.