DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNIVERSAL PROPERTY AND CASUALTY INSURANCE COMPANY**
a/s/o **DOLORES M. SENKO,**
Appellant,

v.

**GROVE ISLE AT VERO BEACH CONDOMINIUM ASSOCIATION, INC.,**
Appellee.

No. 4D2023-0021

[February 28, 2024]

Appeal from the County Court for the Nineteenth Judicial Circuit, Indian River County; Robyn E. Stone, Judge; L.T. Case No. 312022CC001585.

Nancy W. Gregoire Stamper of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale, and Diana E. Rodriguez and Alyson Holob of Universal Property and Casualty Insurance Company, Fort Lauderdale, for appellant.

E. Taylor George and Shaun R. Koby of Lydecker LLP, Tampa, for appellee.

KUNTZ, J.

Universal Property and Casualty Insurance Company appeals the county court's order granting Grove Isle at Vero Beach Condominium Association's motion for judgment on the pleadings. The county court entered judgment based on its retroactive application of amendments to section 627.714(4), Florida Statutes (2021). We conclude the court erred when it retroactively applied the statutory amendments and reverse the court's order granting judgment on the pleadings.

*i. Background*

Universal insured Dolores M. Senko's condominium unit at Grove Isle. The policy, effective April 30, 2021, included a provision granting Universal subrogation rights. After the policy was issued, the Florida Legislature amended section 627.714 to state that if a condominium association's

policy does not provide the association's insurer subrogation rights against an individual unit owner, then a policy issued to an individual unit owner cannot provide subrogation rights against the association.

After the policy was issued and the statute was amended, Senko's unit sustained water damage, and Universal covered the loss. Universal sued Grove Isle, alleging Grove Isle negligently failed to maintain Senko's exterior wall. In response, Grove Isle moved for judgment on the pleadings, arguing the amendment to section 627.714(4) foreclosed Universal's action. Grove Isle argued that the amended statute precluded the subrogation claim because Grove Isle's condominium association insurance policy did not grant its insurer subrogation rights against Grove Isle's unit owners. In response, Universal argued that even if the amendment to section 627.714(4) applied, the Legislature did not intend it to apply retroactively. Universal also argued its retroactive application would unconstitutionally impair its subrogation rights, which took effect on April 30, 2021.

The county court agreed with Grove Isle and concluded that section 627.714(4) applied and that Grove Isle's insurance policy waived its insurer's subrogation rights against Grove Isle's unit owners.

*ii. Analysis*

We focus on the county court's retroactive application of the changes to section 627.714(4). The effective date of the policy Universal issued to Senko was April 30, 2021, and insurance contracts are generally governed by the law as it existed when the policy issued. *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 876 (Fla. 2010); *Hassen v. State Farm Mut. Auto. Ins. Co.*, 674 So. 2d 106, 108 (Fla. 1996) ("[I]t is generally accepted that the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract.").

Grove Isle disagrees and argues the dispositive date is the date the tort claim accrued. On that point, it argues *R.A.M. of South Florida, Inc. v. WCI Communities, Inc.*, 869 So. 2d 1210 (Fla. 2d DCA 2004), controls. But *R.A.M.* is distinguishable.

*R.A.M.* involved an unlicensed contractor who agreed to perform construction work. *Id.* at 1213. At the time of contracting, a statute provided that all contracts entered by unlicensed contractors were illegal and unenforceable unless the contractor cured this defect by subsequently obtaining a license. *Id.* at 1214. Later, the Legislature amended the statute, eliminating the ability to cure. *Id.* Later still, the contractor

2

obtained a license and sued on the contract.  *Id.*  The defendant argued illegality and inability to cure, while the contractor argued that the statutory right to cure created a vested contract right to cure that could not later be eliminated.  *Id.* at 1214–15.

The Second District rejected the contractor's argument, holding that the cure provision did not constitute a vested right under the contract, but a gift of "legislative grace that could be withdrawn by subsequent legislative action."  *Id.* at 1217.  The court explained that because the contractor had no right to enforce an illegal contract, he had no rights under the contract until he cured by obtaining a license, and his failure to obtain a license before the cure provision was eliminated precluded vesting of any enforceable right.  *Id.* at 1218–19.

Distinct from *R.A.M.*, this case does not involve an illegal contract needing a cure.  Instead, it involves an insurance contract that included a valid subrogation provision at the time the contract was entered.  As Universal argues, the insurance policy was issued based on the inclusion of the subrogation right.  The price paid for the policy was based, in part, on Universal's right to seek subrogation when appropriate.  Thus, unlike in *R.A.M.*, enforceable contract rights were created when the policy was issued.  As such, the presumption that an insurance policy is governed by the law at the time the policy was issued applies.  *See Menendez*, 35 So. 3d at 876.

Of course, presumptions are not absolute.  After the policy was issued, the Legislature amended subsection (4) of section 627.714 to state: "If a condominium association's insurance policy does not provide rights for subrogation against the unit owners in the association, an insurance policy issued to an individual unit owner in the association may not provide rights of subrogation against the condominium association."  § 627.714(4), Fla. Stat. (2021).  So if the amendments to section 627.714(4) apply retroactively, Senko's insurer cannot exercise its subrogation rights against Grove Isle.[1]

Generally, "a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but . . . a procedural or remedial statute operate[s] retrospectively."  *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 61 (Fla. 1995) (citations omitted).  We conclude the statutory amendments at issue were substantive.  *See Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc.*, 67 So. 3d 187 (Fla. 2011).

_____

[1] We agree with the county court that Grove Isle's insurance policy waives its insurer's right to subrogation against Grove Isle unit owners.

3

In *Devon*, the statute was amended after the policy was issued to extend its reach to commercial insurance policies and impose penalties for failure to comply with new statutory requirements. *Id.* at 194–95. The court concluded that the amendments to "section 627.7015 as amended in 2005 cannot be characterized as simply procedural or remedial, but w[ere] clearly substantive." *Id.* at 195. As a result, "the presumption against retroactive application of the substantive amendments to section 627.7015 applie[d]." *Id.* As in *Devon*, the statutory amendments here impact a substantive right. If applied retroactively, the statute removes the insurer's contractually bargained-for subrogation right that existed before the enactment of the statutory amendment.

For a substantive statute to apply retroactively it must satisfy a two-prong test. *Menendez*, 35 So. 3d at 877. "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively." *Id.* at 877. "Second, . . . the Court must determine whether retroactive application would violate any constitutional principles." *Id.* Because "[e]ven when the Legislature . . . expressly state[s] that a statute is to have retroactive application, [the Florida Supreme Court] has refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties." *Laforet*, 658 So. 2d at 61.

On the first prong of the test, we again turn to *Devon*. In *Devon*, the court determined the Legislature did not clearly intend a statutory amendment to apply retroactively for two main reasons. 67 So. 3d at 194–97. First, "the text of the amendment itself [was] silent as to its forward or backward reach," and, second, "the enacting law specifically state[d] that the amendments [were] to be effective" on a particular date. *Id.* at 196. The same is true here. The text of the statutory amendment was silent about retroactivity. But the enacting law explicitly provided that the legislation "shall take effect July 1, 2021." Ch. 2021-99, Laws of Fla. In *Devon*, the court "noted that the Legislature's inclusion of an effective date for an amendment is considered to be evidence rebutting intent for retroactive application of a law." *Devon*, 67 So. 3d at 196. Nothing suggests the Legislature intended to apply the section 627.714(4) amendments retroactively.

Grove Isle counters that subsection (1) of section 627.714 applies to "policies issued or renewed on or after July 1, 2010 . . . ." § 627.714(1).[2]

---

[2] Section 627.714(1) stated at the time the policy was issued, and still states today, that:

But only subsection (1) of section 627.714 states "[f]or policies issued or renewed on or after July 1, 2010 . . . ." *Id.* The remaining language in subsection (1) does not discuss subrogation rights, but instead discusses required coverage and maximum deductibles for "loss assessment coverage." *Id.* The different subjects addressed in subsections (1) and (4) suggest that the July 1, 2010 date is inapplicable to subsection (4).

As the Florida Supreme Court did in *Devon*, we conclude the Legislature did not express a clear intent to retroactively apply the amendments to section 627.714(4).

"Once the first inquiry is made, and only '[i]f the legislation clearly expresses an intent that it must apply retroactively, then the second inquiry is whether retroactive application is constitutionally permissible.'" *Devon*, 67 So. 3d at 194 (quoting *Metro. Dade County v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999) (cleaned up)). But "[because w]e conclude that the [statute's] plain language . . . does not evince an intent that the statute apply retroactively[, w]e . . . need not address the second prong." *Old Port Cove Holdings, Inc. v. Old Port Cove Condo. Ass'n One, Inc.*, 986 So. 2d 1279, 1284 (Fla. 2008).

### *iii. Conclusion*

We reverse the county court's order retroactively applying amendments to section 627.714(4), and remand for further proceedings.

*Reversed and remanded.*

KLINGENSMITH, C.J., concurs.
ARTAU, J., dissents with opinion.

ARTAU, J., dissenting.

---

> For policies issued or renewed on or after July 1, 2010, coverage under a unit owner's residential property policy must include at least $2,000 in property loss assessment coverage for all assessments made as a result of the same direct loss to the property, regardless of the number of assessments, owned by all members of the association collectively if such loss is of the type of loss covered by the unit owner's residential property insurance policy, to which a deductible of no more than $250 per direct property loss applies. If a deductible was or will be applied to other property loss sustained by the unit owner resulting from the same direct loss to the property, no deductible applies to the loss assessment coverage.

I respectfully dissent. In my view, the trial court did not impermissibly give retroactive application to section 627.714(4), Florida Statutes (2021). Instead, the trial court correctly applied section 627.714(4)'s amended version because the contractual right to bring the cause of action in this case did not accrue until well after the amended statute's effective date.

As Justice Canady observed while serving on the Second District, "[d]etermining proper limitations on the temporal reach of statutes is a recurring problem in the law." *R.A.M. of S. Fla., Inc. v. WCI Cmtys., Inc.*, 869 So. 2d 1210, 1215 (Fla. 2d DCA 2004).

In *Landgraf v. USI Film Products*, 511 U.S. 244, 268-69 (1994), the United States Supreme Court explained that the universally accepted "ban on retrospective legislation" applies to "statutes, which though operating only from their passage, affect vested rights and past transactions." However, "[a] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment . . . or upsets expectations based in prior law." *Id.* at 269 (citing *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 100 (1992) (Thomas, J., concurring in part and concurring in judgment)).

Instead, as our supreme court in *Metropolitan Dade County v. Chase Federal Housing Corp.*, 737 So. 2d 494 (Fla. 1999), made clear, a statute can only be said to apply retroactively if it "attaches new legal consequences to events completed *before* its enactment." *Id.* at 499 (emphasis added) (quoting *Landgraf*, 511 U.S. at 270). As our sister court held in *R.A.M.*, where a contract provides "merely an expectant and contingent right," rather than "an 'immediate, fixed right[,]'" there can be "no [enforceable] cause of action on the contract" or "vested right" that is infringed upon by application of a statute that took effect before "a cause of action has accrued[.]" *R.A.M.*, 869 So. 2d at 1218-20; *see also Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 877 (Fla. 2010) (explaining that courts will reject retroactive application of new statutory enactments where the new statute "impairs a *vested right*, creates a new obligation, or imposes a new penalty" (emphasis added)).

Here, the insurer's contractual right to seek subrogation under the terms of its insurance policy with its insured did not mature into a "vested" contractual right to pursue the subrogated cause of action against the association until well after section 627.714(4)'s amended version became effective.

A contractually subrogated cause of action does not arise or vest until the date on which the original "rightsholder" suffers the loss giving rise to

6

the cause of action that is subrogated. *See Villa Maria Nursing & Rehab. Ctr., Inc. v. S. Broward Hosp. Dist.*, 8 So. 3d 1167, 1170 n.1 (Fla. 4th DCA 2009) (explaining that the limitations period for a contractual subrogation action runs "from the date of the injury to the original 'rightsholder'" (quoting *Allstate Ins. Co. v. Metro. Dade Cnty.*, 436 So. 2d 976, 979 (Fla. 3d DCA 1983))); *see also Harris v. Aberdeen Prop. Owners Ass'n, Inc.*, 135 So. 3d 365, 368 (Fla. 4th DCA 2014) (noting that "[a] cause of action accrues when the last element constituting the cause of action occurs" (quoting section 95.031(1), Fla. Stat. (2005))).

"Florida law is well established that the right to sue on an inchoate cause of action—one that has not yet accrued—is not a vested right." *Raphael v. Shecter*, 18 So. 3d 1152, 1157 (Fla. 4th DCA 2009) (quoting *Williams v. Am. Optical Corp.*, 985 So. 2d 23, 30 (Fla. 4th DCA 2008)). As a result, and contrary to the position taken by the majority, the insurer could not possibly have had a "vested," and therefore enforceable, contractual right to pursue the subrogated claim against the association when the insurer issued its policy to the unit owner.

In my view, the trial court correctly determined in the judgment on review that, "at the time the [insurance] contract was executed[,]" the insurer "possessed only an expectant or contingent right, not an immediate, fixed, and vested right" to the subrogated negligence cause of action against the association at issue here that only matured into a "vested" contractual right after section 627.714(4)'s amended version became effective. As the trial court explained, "[t]here simply was no possible way for [the insurer] to know in advance what would occur, whom it might occur with, and on what day it might occur." Therefore, the trial court correctly concluded that "[i]t [was] impossible for [the insurer] to possess an immediate, fixed, vested right for an unknown cause of action against an unknown defendant on an unknown day" when the insurer issued its policy to the unit owner.

No retroactive application of section 627.714(4)'s amended version can be said to have occurred in this case because the insurer possessed no "vested" contractual right to sue the association on the subrogated negligence claim before the enactment of the amended statute. *See Adjei v. First Cmty. Ins. Co.*, 352 So. 3d 900, 905-06 (Fla. 3d DCA 2022) (determining that a statute governing post-loss assignments of insurance benefits could be applied to a claim arising under a policy issued prior to the statute's enactment because the only vested rights affected were those arising under the assignment of benefits that occurred after the statute's enactment); *Blaesser v. State Bd. of Admin.*, 134 So. 3d 1013, 1016 (Fla. 1st DCA 2012) (holding that a former state employee could not establish

7

retroactive impairment of any right to renewed membership in the Florida Retirement System (FRS), resulting from a statute's enactment after his separation from FRS-covered employment but before he returned to work with an FRS-covered agency, because any such right was only an "expectant or contingent right" that could vest only "if he [had] returned to FRS-covered employment" before the enactment of the challenged statute).

Moreover, the inchoate nature of the insurer's subrogation claim, at the time section 627.714(4)'s amended version became effective, distinguishes this case from *Hassen v. State Farm Mutual Automobile Insurance Co.*, 674 So. 2d 106 (Fla. 1996)—the case upon which the majority relies for the proposition that "the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." *Id.* at 108. Unlike here, where the incident giving rise to the subrogation claim did not occur until well after section 627.714(4)'s amended version became effective, the subrogation claim in *Hassen* vested two years prior to that challenged statute's enactment when the accident giving rise to the covered loss occurred. *See id.* at 107-10.

Thus, I would affirm the trial court's entry of judgment on the pleadings in favor of the association because section 627.714(4), as amended, barred recovery on the insurer's subrogation claim, which was merely inchoate and not yet vested when the amended statute became effective.

\* \* \*

***Not final until disposition of timey filed motion for rehearing.***