DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GALLERY ONE CONDOMINIUM ASSOCIATION, INC.,**
a Florida not for profit corporation,
Appellant/Cross-Appellee,

v.

**TERRACE GALLERY, LLC,** a Florida limited liability company, Appellee,
and **DEJ HOTELS, LLC,** a Florida limited liability company,
Appellee/Cross-Appellant.

No. 4D2023-2681

_____

**TERRACE GALLERY, LLC,** a Florida limited liability company,
Appellant/Cross-Appellee,

v.

**GALLERY ONE CONDOMINIUM ASSOCIATION, INC.,**
a Florida not for profit corporation, Appellee,
and **DEJ HOTELS, LLC,** a Florida limited liability company,
Appellee/Cross-Appellant.

No. 4D2023-2682

_____

[May 28, 2025]

Consolidated appeals and cross-appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey Levenson, Judge; L.T. Case No. CACE 22-7165 (09).

Kevin P. Yombor, Bruce S. Liebman, and Cristina Hernandez Villar of Kaufman, Dolowich, LLP, Fort Lauderdale, for Gallery One Condominium Association, Inc.

John W. Annesser and Megan Conkey Gonzalez of Annesser Armenteros, PLLC, Coral Gables, for Terrace Gallery, LLC.

Elliot H. Scherker and Bethany J. M. Pandher of Greenberg Traurig, P.A., Miami, and Mark F. Bideau and Bridget Ann Berry of Greenberg Traurig, P.A., West Palm Beach, for DEJ Hotels, LLC.

BRISTOW, APRIL, Associate Judge.

These consolidated appeals stem from a residential condominium unit owner's attempt to challenge and reform a mixed-use condominium's governing declaration nearly seventeen years after the declaration was recorded. We reverse and remand the summary judgment order entered in the unit owner's favor, holding that the unit owner's efforts were barred by the applicable statute of repose and statute of limitations.

## **Background**

Gallery One Condominium ("Gallery One") is a mixed-use condominium comprised of residential and commercial units and one hotel unit. To effectuate a mixed-use, Gallery One's Declaration of Condominium (the "Declaration") shifted ownership of many "typical common elements" to the hotel unit owner. The Declaration did so, in part, by providing that "all property and installations required for the furnishing of utilities and other services to more than one Unit [or] to the Common Elements, if any" are designated as "Shared Components of the Hotel Unit" as opposed to "Common Elements." To that end, the Declaration's "Shared Components of the Hotel Unit" section includes "all wires, conduits, pipes, ducts, transformers, cables" and "all heating, ventilating and air conditioning systems, including, without limitation, compressors, air handlers, ducts, chillers, water towers and other apparatus used in the delivery of HVAC 9 services." The Declaration was recorded in 2005.

In 2022, a residential unit owner, Terrace Gallery, LLC ("Terrace"), filed a two-count complaint seeking a judgment declaring that several sections of the Declaration violated Chapter 718 of the Florida Statutes ("Florida's Condominium Act") as well as "reformation of the Declaration to comply with Florida law." Specifically, Terrace challenged the Declaration's shifting of utilities from "Common Elements" to "Shared Components of the Hotel Unit" based on the Third District Court of Appeal's interpretation of Florida's Condominium Act in *IconBrickell Condominium No. Three Ass'n v. New Media Consulting, LLC*, 310 So. 3d 477 (Fla. 3d DCA 2020).

Initially, Terrace named only the governing condominium association, Gallery One Condominium Association, Inc. (the "Association"), as a defendant. However, the hotel unit owner, DEJ Hotels, LLC ("DEJ"), later intervened in the action. For its part, the Association did not oppose the

relief requested. DEJ, on the other hand, filed an answer generally denying Terrace's entitlement to relief and asserting several affirmative defenses, including defenses based on the three-year statute of repose set forth in section 718.110(10) of Florida's Condominium Act and the five-year statute of limitations applicable to legal or equitable actions based on a contract, as set forth in section 95.11(2)(b), Florida Statutes (2005). DEJ argued that Terrace's lawsuit challenging the Declaration was time barred under either theory, as Terrace filed the lawsuit in 2022, when the Declaration was recorded in 2005.

Ultimately, Terrace and DEJ filed cross-motions for summary judgment. Considering the parties' competing motions, the trial court began by rejecting DEJ's statute of repose and statute of limitations arguments. First, the trial court found section 718.110(10) inapplicable to Terrace's claims. As to DEJ's statute of limitations argument, the trial court found Terrace's claims did not accrue until Terrace took title to its units in 2019. As the lawsuit was filed within five years thereafter, the trial court found that Terrace's lawsuit was timely.

After rejecting DEJ's affirmative defenses, the trial court entered final summary judgment in Terrace's favor, finding that, per *IconBrickell*, the Declaration's exclusion of "all property and installations required for the furnishing of utilities and other services to more than one Unit or to the Common Elements, if any" from its definition of "Common Elements" violated Florida's Condominium Act. The trial court did not, however, go so far as to find that the Declaration's definition of "Shared Components of the Hotel Unit" violated Florida's Condominium Act, nor did the trial court grant Terrace any other relief requested with respect to invalidating other Declaration provisions or reforming the Declaration.

Both Terrace and the Association separately appealed the same summary judgment order, each arguing that the trial court failed to invalidate additional portions of the Declaration. DEJ cross-appealed, arguing that, among other things, the trial court erred in denying summary judgment in its favor based on the statute of repose and statute of limitations.

For the reasons set forth below, we agree with DEJ and reverse.

## **Appellate Analysis**

"The standard of review for an entry of summary judgment is de novo." *Glegg v. Van Den Hurk*, 379 So. 3d 1171, 1173 (Fla. 4th DCA 2024). Applications of the statute of repose and statute of limitations are also

3

reviewed de novo. *HSBC Bank USA, Nat'l Ass'n for Registered Holders of Nomura Home Equity Home Loan, Inc. v. Est. of Petercen*, 227 So. 3d 640, 642 (Fla. 4th DCA 2017); *Inmon v. Air Tractor, Inc.*, 74 So. 3d 534, 537 (Fla. 4th DCA 2011).

### a) Statute of Repose

"[S]tatutes of repose 'bar actions by setting a time limit within which an action must be filed as measured from a specified act, after which time the cause of action is extinguished.'" *Hess v. Philip Morris USA, Inc.*, 175 So. 3d 687, 695 (Fla. 2015) (quoting *Merkle v. Robinson*, 737 So. 2d 540, 542 n.6 (Fla. 1999)). These limitations serve as a way to "balance the rights of injured persons against the exposure of [defendants] to liability for endless periods of time." *Id.* (alteration in original) (quoting *Kush v. Lloyd*, 616 So. 2d 415, 421-22 (Fla. 1992)). Thus, a statute of repose may bar a cause of action which did not accrue until after the repose period expired. *Id.*

DEJ's statute of repose defense was based on section 718.110(10), Florida Statutes (2005). That section pertinently provides:

> If an action to determine whether the declaration or another condominium document complies with the mandatory requirements for the formation of a condominium is not brought within 3 years of the recording of the declaration, the declaration and other documents shall be effective under this chapter to create a condominium as of the date the declaration was recorded, whether or not the documents substantially comply with the mandatory requirements of law.

§ 718.110(10), Fla. Stat. (2005).

The trial court found this statute of repose was inapplicable because Terrace was not "seeking a judgment determining whether the Declaration's errors affects the formation of the condominium or the existence of the condominium." We disagree.

Instructive to our analysis is the Eleventh Circuit's decision in *McGee v. Commonwealth Land Title Insurance Co.*, 537 Fed. App'x. 843 (11th Cir. 2013). There, a group of individuals who purchased units in a failed condominium sued their title insurer. *Id.* at 844. In their complaint, the purchasers alleged they received defective title to their units because the recorded "declaration was defective and therefore legally did not create a condominium development" under Florida's Condominium Act. *Id.* Specifically, the purchasers alleged "the declaration was defective because

there were no common elements." *Id.* at 843 n.1. On these facts, the Eleventh Circuit affirmed that the purchasers' suit was barred by section 718.110(10)'s three-year statute of repose, as it was filed more than three years after the subject declaration was recorded. *Id.* at 845.

Here, although, Terrace was not as direct as the *McGee* purchasers in framing its complaint as a challenge to the condominium's formation, the substance of Terrace's complaint, like the *McGee* purchasers' complaint, challenged the condominium's validity based on a lack of common elements. *See, e.g., Iezzi Fam. Ltd. P'ship v. Edgewater Beach Owners Ass'n*, 254 So. 3d 584, 587 (Fla. 1st DCA 2018) ("The substance of the allegations made [in a complaint], and not what they are labeled, determines the action."). Terrace's complaint argued Florida's Condominium Act requires certain property to be delineated as common elements. As the Declaration excluded such property from its definition of "Common Elements," Terrace argued portions of the Declaration were invalid under Florida's Condominium Act. In other words, irrespective of its attempt to wordsmith around the statute of repose, Terrace's lawsuit, substantively, was "an action to determine whether [the Declaration] . . . complies with the mandatory requirements for the formation of a condominium." § 718.110(10), Fla. Stat. (2005). Accordingly, Terrace's lawsuit was subject to and barred by the three-year statute of repose set forth in section 718.110(10).

### b) Statute of Limitations

"Statutes of limitations 'bar actions by setting a time limit within which an action must be filed as measured from the accrual of the cause of action, after which time obtaining relief is barred.'" *Hess,* 175 So. 3d at 695 (quoting *Merkle,* 737 So. 2d at 542 n.6). For statute of limitations purposes, "[a]n action 'accrues when the last element constituting the cause of action occurs.'" *Id.* (quoting § 95.031(1), Fla. Stat.).

The parties do not dispute that this case is controlled by section 95.11(2)(b), Florida Statutes (2005), which sets forth a five-year statute of limitations for "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument." Instead, the question presented is when Terrace's declaratory judgment action accrued. Similar to our analysis on the statute of repose, answering this question requires us to examine the nature of Terrace's requested relief.

To be entitled to declaratory judgment, the moving party must show:

There is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court by proper process or class representation and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

*Harris v. Aberdeen Prop. Owners Ass'n,* 135 So. 3d 365, 368 (Fla. 4th DCA 2014) (quoting *Coal. for Adequacy & Fairness in Sch. Funding, Inc. v. Chiles,* 680 So. 2d 400, 404 (Fla.1996)).

Finding Terrace's interest was not "adverse and antagonistic" in the matter until Terrace took title to its units in 2019, the trial court ruled that Terrace's declaratory judgment action did not accrue until Terrace's purchase date. However, as our sister court has noted, no bright-line rule establishes "that whenever a declaration is sought on the terms of a condominium declaration or restrictive covenant, the date the cause of action accrues is the plaintiff's purchase date." *Riverside Ave. Prop., LLC v. 1661 Riverside Condo. Ass'n,* 325 So. 3d 997, 1001 (Fla. 1st DCA 2021). Rather, "[t]he nature of the declaration sought by a plaintiff affects the date the cause of action accrues." *Id.* at 1000.

Several cases establish that when the nature of the declaration sought is the invalidation or reformation of a declaration or restrictive covenant, the declaratory judgment action accrues on the date of recording.

First, in *Harris,* we analyzed the statute of limitations as applicable to a homeowner's complaint seeking declaratory relief against her homeowners and property owners associations. 135 So. 3d at 366. The requested relief was based on competing governing documents: the homeowners association's governing documents for Harris' neighborhood did not require membership in the neighborhood golf club but, via a membership amendment, the overarching property association's governing documents did require membership. *Id.* at 366-67. Thus, Harris's declaratory judgment action sought clarification as to whether she was required to join the neighborhood golf club, and a judgment declaring the mandatory membership amendment improperly enacted. *Id.* at 367.

6

The sole issue on appeal in *Harris* was when the applicable five-year statute of limitations began to run, as Harris filed the suit within five years of taking title to the property, but more than five years after the membership amendment was recorded. On this issue, we held: "To the extent that Harris challenges the validity and the enactment of the mandatory membership amendment," the statute of limitations "began to run from the 2004 date the amendment was recorded in the public records." *Id.* at 368. Thus, "any challenge to the validity/enactment of the amendment itself is barred by the applicable statute of limitations." *Id.* However, to the extent Harris sought a declaration regarding whether her membership in the golf club was mandatory under the competing amendments, we held her cause of action had accrued on the date she had taken title to the property. *Id.* at 369.

Confirming the concept that causes of action challenging a restrictive covenant's validity begin to accrue on the recording date are the First District Court of Appeal's decisions in *Silver Shells Corp. v. St. Maarten at Silver Shells Condominium Ass'n*, 169 So. 3d 197 (Fla. 1st DCA 2015), and *Hilton v. Pearson*, 208 So. 3d 108 (Fla. 1st DCA 2016). Relying on *Harris*, *Silver Shells* held an association's claims "relating to the validity of the amendment to the Restrictive Covenants, which removed all of the Beach Property from the common properties, accrued . . . when the amendment was recorded." 169 So. 3d at 201. Likewise, *Hilton* confirmed a lawsuit challenging the validity of an amendment to a subdivision's restrictive covenants was time barred when the lawsuit was filed more than five years from the recording date. 208 So. 3d at 110.

Finally, the Second District Court of Appeal's decision in *Hogg v. Villages of Bloomingdale I Homeowners Ass'n*, 357 So. 3d 1271 (Fla. 2d DCA 2023), is instructive regarding the accrual date for suits seeking reformation of a declaration or restrictive covenant. There, a homeowners association sought reformation of a recorded declaration on the grounds that, when the declaration was recorded fifteen years prior, the declaration did not include two phased development sections. *Id.* at 1272. Two homeowners within those sections moved for summary judgment on the reformation claim, arguing the claim was subject to the five-year statute of limitations set forth in section 95.11(2)(b), Florida Statutes, and that the cause of action had accrued when the declaration was recorded. Citing to *Harris* and *Silver Shells*, the *Hogg* court agreed, "conclud[ing] that the five-year limitation of section 95.11(2)(b) should have been applied to this lawsuit filed, as it was, fifteen years after the declaration's recordation." *Id.* at 1275. Notably, the date when the two homeowners had taken title to their homes was not a factor in *Hogg*'s analysis.

As set forth above, Terrace did not seek a declaration regarding its rights under the Declaration, rather Terrace sought a judgment declaring parts of the Declaration invalid pursuant to Florida's Condominium Act and reforming the Declaration to comply with Florida's Condominium Act. Given the nature of the relief sought, the statute of limitations began to run when the Declaration was recorded, as opposed to when Terrace took title to its units. *See Harris*, 135 So. 3d at 368; *Hogg*, 357 So. 3d at 1275.

## Conclusion

Based on the nature of the relief which Terrace sought, we hold that Terrace's declaratory judgment action was barred by both the statute of repose set forth in section 718.110(1), Florida Statutes (2005), and the applicable statute of limitations set forth in section 95.11(2)(b), Florida Statutes (2005). Because our holding regarding the statute of repose and statute of limitations fully resolves both appeals and cross-appeals, we need not address the applicability of *IconBrickell*, the Legislature's subsequent amendments to Florida's Condominium Act in the aftermath of *IconBrickell*, or any other arguments raised by the parties.

Accordingly, we reverse the summary judgment order and, on remand, direct the trial court to vacate the previously entered summary judgment and enter final summary judgment in DEJ's favor in accordance with this opinion.

*Reversed and remanded.*

CONNER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

8